## In re STRUTHERS' ESTATE.
### No. 9970.

Court of Civil Appeals of Texas. San Antonio.

March 17, 1937.

Griffin & Kimbrough, of McAllen, for appellant.

H. A. Hirshberg, of San Antonio, Crane & Glarner, of Raymondville, and O. M. Powell, of San Antonio, for appellee.

MURRAY, Justice.

This is an appeal by Henrietta Kinser, a single woman, from a judgment in the district court probating a will of A. D. Struthers, deceased, dated August 29, 1933, and denying the probate of an alleged will of about the date of May 15, 1934.

This proceeding was first heard in the county court of Willacy county, and by appeal was carried to the district court. The trial there was before the district judge, without the intervention of a jury. At the request of appellant, Henrietta Kinser, the trial judge made and filed the following findings of facts:

"1. A. D. Struthers died in Willacy County, where he then had his domicile and fixed place of residence, and where his principal estate was then located, on August 15, 1934.

"2. A. D. Struthers left a will which was written wholly by him in his own handwriting, said will having been signed and executed by said A. D. Struthers as his last will and testament on August 29, 1933.

"3. The said A. D. Struthers, at the time he executed his said will, was over

twenty one years of age and was of sound mind.

"4. Harry D. St. John, named in said will of A. D. Struthers, deceased, as executor and one of the beneficiaries thereof, filed said will in the County Court of Willacy County, together with his application for probate thereof, on August 21, 1934.

"5. Citation and notice was served, made and given of said application, in the manner and for the length of time required by law.

"6. Henrietta Kinser filed in the County Court of Willacy County, Texas, contest of said application of said Harry D. St. John, and also filed application for probate of an alleged instrument of alleged date May 15, 1934, as the last will and testament of A. D. Struthers, deceased, which said application was contested by Harry D. St. John.

"7. The County Court of Willacy County, Texas, heard said applications and contests and on June 24, 1935, entered an order as of December 14, 1934, admitting to probate the written will of A. D. Struthers produced in court dated August 29, 1933, and denying the contest and application of Henrietta Kinser.

"8. Henrietta Kinser filed her bond for appeal from such order to the District Court of Willacy County, Texas, on July 5, 1935.

"9. Harry D. St. John died in Bexar County, Texas, on July 30, 1935, left a written will, which was admitted to probate by the County Court of Bexar County, Texas, on the 3rd day of September, 1935, in which said will Alice St. John was named independent executrix.

"10. Alice St. John qualified as independent executrix of the estate of Harry D. St. John, on the 3rd day of September, 1935.

"11. A. D. Struthers did not, on or about May 15, 1934, execute a will later than and subsequent to his will dated and executed August 29, 1933.

"12. Henrietta Kinser did not produce in court the alleged written instrument of alleged date May 15, 1934.

"13. No will was made or executed by A. D. Struthers after he made and executed his will of date August 29, 1933.

"14. That the property left to Harry D. St. John under the terms of the Will of A. D. Struthers, dated August 29, 1933, was different in kind and extent from that alleged by Henrietta Kinser to have been left to the said Harry D. St. John under the alleged will of alleged date about May 15, 1934.

"15. R. F. Struthers was a brother of A. D. Struthers, deceased, and Lee Parfet, Harold Parfet, Louisa Parfet and Althea Seirer, wife of C. S. Seirer, and Ben Parfet, were children of a deceased sister of A. D. Struthers, deceased.

"16. That the property left R. F. Struthers under the terms of the will of A. D. Struthers, deceased, of date August 29, 1933, is different in kind and extent than that alleged by Henrietta Kinser to have been left to the said R. F. Struthers under the alleged will of alleged date of about May 15, 1934."

As found by the trial judge, the will of August 29, 1933, was a holographic will of the testator and was produced in court, while the alleged will of about May 5, 1934, was supposed to be a holographic will, but was not produced in court.

A. D. Struthers left no children of his own, and it is not clear whether or not Alice St. John was his adopted daughter. It is shown that she was reared in the home of A. D. Struthers and remembered by him as a legatee in his will of August 29, 1933.

Appellant, Henrietta Kinser, was a close friend of A. D. Struthers for several years next preceding his death, served as his secretary and business associate, and waited upon him during his last sickness, and was by his bedside when he died. Harry D. St. John was the husband of Alice St. John, and was alleged to have been named as independent executor in both the will of August 29, 1933, and the alleged will of May 15, 1934.

Appellant does not object to the probate of the will of August 29, 1933, in toto, but, rather, that it should not be probated as the sole and entire will of A. D. Struthers, and that where the two wills conflict the alleged will of May 15, 1934, should be given effect and regarded as a revocation of conflicting provisions in the will of August 29, 1933.

Appellant first complains of the court's action in overruling her plea in abatement, based upon the theory that Alice St. John, even though she was the independent executrix under the will of Harry D. St. John, had no authority and was not a proper person to appear as proponent of the first will and contestant of the second will.

The will of August 29, 1933, had been probated in the county court upon the application of Harry D. St. John. After the case had been appealed to the district court, Harry D. St. John died, leaving a will naming Alice St. John as his independent executrix and sole legatee. Alice St. John filed a suggestion of death of Harry D. St. John and her appointment as his executrix, and as administratrix of the estate of A. D. Struthers, deceased, and asked that she be permitted to become a party proponent in the cause. This motion was granted.

■ We do not feel called upon to determine whether or not Alice St. John was a proper person under the statute to be the proponent of the first will and the contestant of the last will, in view of the fact that R. F. Struthers, a brother of A. D. Struthers, was a party to the proceeding and unquestionably had a legal right to be a proponent of one will and a contestant of the other, and therefore the suit should not have been abated. Article 3315, R.C.S.1925.

The same conditions exist as to the exceptions directed by appellant to the pleadings of Alice St. John, and we therefore overrule appellant's second proposition.

■ By her third proposition appellant complains of the court's action in not permitting her to cross-examine Alice St. John, as to the contents of her adoption papers, which, according to her testimony and that of R. F. Struthers, were found in the envelope with the will of August 29, 1933. The trial court held that the contents of these papers were immaterial and declined to permit cross-examination as to same. The record shows that appellant's counsel, B. D. Kimbrough, Esq., asked R. F. Struthers the following question:

"Q. Do you remember when they (referring to the adoption papers) were taken out and where?

"Court: How is that material?

"Mr. Kimbrough: The statute provides that the heirs shall be parties to the suit and I have been trying to get the evidence as to who the heirs were.

"Court: She is here in court and a party to the suit. We will hold this adoption matter immaterial."

Mr. Kimbrough, later on during the taking of testimony, asked Alice St. John the following question:

"Q. Where were you adopted, do you know?

"Court: We have already held this to be immaterial. We will not go into this.

"Mr. Kimbrough: We except."

In addition to what has been above set out, we find no other or further objection, statement, or exception concerning the action of the court in excluding this testimony. It seems clear that the testimony was not admissible for the purpose of showing whether or not Alice St. John was an heir of A. D. Struthers, and if appellant had any other purpose in soliciting the testimony, it was the duty of her counsel to make it known to the court, that the court might pass upon the testimony in the light of any other purposes for which it might have been offered.

■ The extent of the cross-examination of witnesses is a matter largely addressed to the discretion of the trial court, and unless an abuse of discretion is shown there can be no reversible error. We overrule appellant's third proposition.

Appellant contends that the finding of the trial judge, to the effect that there was no will executed after the will of August 29, 1933, and that no will was in fact made by testator on or about May 15, 1934, is unsupported by the evidence and contrary to the undisputed evidence.

■ It will be borne in mind that the burden was upon appellant to establish the execution of the will of May 15, 1934. The finding of the trial judge that no such will was in fact executed was nothing more than a finding by the court that appellant had not discharged this burden resting upon her.

Mrs. Shippe, a close friend of appellant's, testified to having read the last will and that testator told her it was in his own handwriting. Appellant, over the objection of appellees, testified that she saw this second will, and that it was in the handwriting of A. D. Struthers. This second will was not produced in court and no other witnesses testified to having ever seen it, or as to whose handwriting it was in.

Article 3344, R.C.S.1925, provides, in effect, that a will wholly written by the testator and produced in court may be proven by the testimony of two witnesses to his handwriting.

Article 3345, R.C.S.1925, reads as follows: "Proof of written will not produc-

ed.—A written will which cannot be produced in court, may be proved in the same manner as provided in the preceding article, and the same amount and character of testimony shall be required to prove such will as is required to prove a written will produced in court."

Article 3349, R.C.S.1925, reads as follows: "Will which cannot be produced in court.—If the will be a written will which cannot be produced in court, the cause of its non-production must be proved, and such cause must be sufficient to satisfy the court that it cannot by any reasonable diligence be produced, and the contents of such will must be substantially proved by the testimony of a credible witness who has read it or heard it read."

Articles 3335, 3336 (as amended by Acts 1927, c. 81, § 3), 3337, 3338, R.C.S.1925, provide, in effect, that where a will is not produced in court or is a noncupative will, the heirs of the testator must be made parties to the proceedings and served with citation, either in person or by publication, depending upon the circumstances. Thus it will be seen that we have here a proceeding to probate a holographic will not produced in court, where the heirs of the testator are made necessary parties by statute, and the statutes further requiring two witnesses to the handwriting of the testator.

The question then arises: Was Henrietta Kinser, a beneficiary under the alleged will and a party to this proceeding, a competent witness to the handwriting of the testator, in view of the provisions of article 3716, R.C.S.1925, which reads as follows: "In actions by or against executors, etc.—In actions by or against executors, administrators, or guardians, in which judgment may be rendered for or against them as such, neither party shall be allowed to testify against the others as to any transaction with, or statement by, the testator, intestate or ward, unless called to testify thereto by the opposite party; and the provisions of this article shall extend to and include all actions by or against the heirs or legal representatives of a decedent arising out of any transaction with such decedent."

It has been definitely held that an interested party is not competent to prove the execution of a noncupative will. Lewis v. Aylott's Heirs, 45 Tex. 190.

It has also been definitely held that an interested party may testify to the handwriting of a will produced in court. Martin v. McAdams, 87 Tex. 225, 27 S.W. 255.

It occurs to us that where an alleged holographic will is not produced in court, and cannot be presented to other persons who are familiar with testator's handwriting, or to handwriting experts, for their opinions as to same, and in a proceeding where the heirs of testator are necessary parties, that the testimony of a legatee under the will, who is a party to the proceeding, would be rendered incompetent under the provisions of article 3716. Especially do we think this is true where appellant gained her knowledge that this will was in testator's handwriting by reason of a transaction with the deceased, in that he exhibited such will to her and permitted her to read it, as was testified to by appellant in this case.

However, if we be mistaken in this conclusion, then there can be no doubt that appellant was not a competent witness to testify that testator took this will and placed it in an envelope with other papers and delivered it to his brother-in-law, A. B. Parfet. Clark v. Briley (Tex.Civ.App.) 193 S.W. 419.

Without the evidence of appellant there would be no evidence that A. D. Struthers ever delivered this will to any person. In other words, it would have been shown to have been in the possession of testator, and the fact that it could not be found after his death, the presumption would arise that the testator had destroyed it with the intention of revoking it. Schouler on Wills (5th Ed.) vol. 1, p. 501, § 402; Simkins, Administration of Estates (3d Ed.), by Birge Holt, p. 90, § 58.

There was also considerable conflict as to the contents of the will. The burden was upon appellant to prove to the satisfaction of the trial judge, who was the trier of facts herein, with reasonable certainty the contents of the alleged will. If the trier of facts was left in confusion as to the provisions of the purported will, he would be justified in denying probate of the same. Article 3349, R.C.S.1925.

Under all the facts in this record, we cannot say the trial court was in error in denying the probate of the alleged will of May 15, 1934, and accordingly the judgment will be affirmed.