## FEDERAL UNDERWRITERS EXCHANGE v. SKINNER.

### No. 3745.

Court of Civil Appeals of Texas. Beaumont.

Dec. 17, 1940.

Rehearing Denied Dec. 31, 1940.

B. L. Collins, of Lufkin, and Lightfoot, Robertson & Gano, of Fort Worth, for appellant.

Vernis Fulmer, of Nacogdoches, and Thos. A. Wheat, of Liberty, for appellee.

O'QUINN, Justice.

This suit was filed by appellee in the district court of Liberty County, Texas, against appellant to set aside an award of the Industrial Accident Board of the State of Texas, and to recover compensation. Appellant answered by general demurrer, general denial, and by certain special denials.

The case was tried to a jury upon special issues on their answers to which judgment was rendered in favor of appellee setting aside the award of the Board, and granting compensation as for total and permanent disability for 401 weeks at the rate of $18 per week, less a credit of $368.96 which had theretofore been paid to appellee by appellant. Motion for a new trial was overruled, and appellant brings this appeal.

Appellant's first four propositions relate to the question whether appellee was the employee of Howard Brothers, or was an employee of one R. C. Buckner. It is insisted by appellant that Skinner was an employee of Buckner, and not an employee of Howard Brothers, as alleged, and that the court erred in refusing its motion for an instructed verdict.

Briefly, the record discloses that during the month of November, 1938, Howard Brothers had the contract to do certain bridge work in Liberty County, Texas, for the State Highway Department. There was some pile-driving work to be done in connection with this bridge work. The bridge work was being done under the supervision of E. R. Young, an engineer of the State Highway Department. Appellee was operating the pile driver, and while doing so, on November 15, 1938, received an injury for which he claimed compensation—the subject of this suit. One John L. Burgess, an employee of Howard Brothers, was "Boss" of the job—foreman of the crew of men doing the work. Skinner testified that Burgess sent for him to come and work on the job for Howard Brothers, and that he went and was working for Howard Brothers operating the pile driver at the time he was injured. Howard Brothers did not own any machinery or equipment to drive piling, and rented the pile driver equipment then being used from R. C. Buckner. Skinner testified that he had worked for R. C. Buckner prior to that time, and also stated that Buckner sent for him to come and work operating the pile driver. John L. Burgess, Howard Brothers' foreman, worked with the crew, kept their time, and directed the men what to do. Skinner worked only two days before he was injured. Howard Brothers paid appellee for the time he worked, and also paid him for 32 weeks compensation at the rate of $11.53 per week, amounting to $368.96, and then ceased payments. Skinner's name was carried on the pay roll of Howard Brothers as an employee on the job.

The contract by which Howard Brothers rented the pile-driving equipment from R. C. Buckner, with which to drive the piling at the bridge Howard Brothers

were erecting under their contract with the State Highway Department, was oral, and the assembling of the equipment and men to operate same proceeded under the oral rent contract, but when the State Highway Department learned this, it required the rent contract for the equipment to be reduced to writing, which was immediately—the next day, November 16, 1938—done. This contract reads:

"Grading          Concrete          Bridges
          "Howard Brothers
          "General Contractors
                    "Madisonville, Texas.
          .         "November 16, 1939

"The State of Texas, }
 County of Liberty   }

"This contract entered into by and between R. C. Buckner, General contractor, Jacksonville, Texas, and Howard Brothers, General Contractors, Madisonville, Texas.

"For the consideration and terms herein set, R. C. Buckner, General Contractor rents and leases (1) one pile driver. One (1) pile driver hammer, hammer weight 4095 lb. One 36–V–8 Ford truck, truck license No. 160282, truck equipped with power winch, all leased to Howard Brothers, General Contractors.

"Pile driver and equipment to be kept in repair by R. C. Buckner, General contractor at his own expense.

"It is agreed that Howard Brothers are to furnish operators for pile driver at their own expense.

"The rental basis to be paid R. C. Buckner shall be $4.00 Four dollars per hour for operating time, driving piling on project 28–4–8 – 28–5–5, Highway 90, Liberty County, Texas

                    "R. C. Buckner
                    "By John L. Burgess
                    "J. H. Howard

"Sworn to before me this 16th day of Nov. 1938.

"(Seal)     E. M. Brisbie, Notary Public, Liberty Co."

There is no contention that the written contract differs from the oral contract, but appellant strenuously insists that the written contract does not have application in determining the question as to whose employee Skinner was on November the 15th, 1938, the day he was injured, for the reason that at the very time, November 15, 1938, Skinner was injured he was working under the oral contract and was the employee of R. C. Buckner. This contention is without force. The written contract was but the reducing to writing of the oral agreement. As a general rule, where the terms of an oral agreement are reduced to writing, all prior and contemporaneous negotiations, agreements and promises are merged in the written contract, and cannot be shown to vary, modify or contradict the terms of the writing; and this rule applies where an oral contract is reduced to writing after it has been partly performed. 10 Tex.Jur., Contracts, page 366, Sec. 208. As before stated, there is no contention that the terms of the written contract differ from those of the oral contract. In the written contract it is plainly stated that Howard Brothers "are to furnish operators for the pile driver at their own expense." Skinner was operating the pile driver; he was carried on the pay roll of Howard Brothers as their employee; Howard Brothers' employees were covered by compensation insurance carried by appellant; appellant recognized Skinner as insured by it and paid him 32 weeks compensation. Howard Brothers paid Skinner for the time he had worked, and Skinner testified that· he was working for Howard Brothers, and the jury found that he was an employee of Howard· Brothers. The record amply sustains this finding. The propositions are overruled.

■ It is further contended that, under the testimony of J. H. Howard, a member of Howard Brothers, Skinner was an employee of Buckner for the reason that Buckner was an independent contractor in the execution of the pile-driving work, and thus had the sole right of supervision and control over the methods and manner of doing the work and the men operating the pile driver, and that Howard Brothers had no control over same. It is urged that the work was being done by Buckner for a specified price and was not restricted to any particular hours of work, and that he, Buckner, had the right to select his own appliances and employees, and his own methods and means of performing the work. This contention is without force. The contract between Howard Brothers and Buckner, set out supra, specifically recites that Buckner, the owner of the pile driver equipment, rents the equipment to Howard Brothers for the consideration of $4 per hour operating time, and that Howard Brothers "are to furnish operators for the pile driver at their own expense." Skinner

328

testified that he was working for Howard Brothers as operator of the pile driver at the time he was injured; that he was paid by Howard Brothers for the time he had worked before he was injured; he was carried on the pay roll of Howard Brothers insured by appellant. Whose employee he was, was a question of fact, and the jury, in answer to a special issue, found he was an employee of Howard Brothers. This finding has abundant support in the evidence.

■ The fifth, sixth, seventh, eighth, and ninth propositions variously complain that the average weekly wage ($30) of Skinner, found by the jury, was without sufficient basis either in the pleadings, or the evidence, and so was erroneous for which the judgment should be reversed and here rendered for appellant, or in the alternative reversed and remanded for another trial. It appears that this contention is based mainly upon allegations in appellee's original petition, and statements made by appellee in his application for compensation before the Industrial Accident Board, and the findings of said Board on the application. The case was not tried on appellee's original petition, but on his first amended original petition, and his first supplemental petition. The original petition had passed completely out of the case. In appellee's pleadings, upon which the case was tried, he alleged that his weekly wage was $40, and he testified that he expected to receive for his work $1 per hour, eight hours per day, and five days a week; that $1 per hour was the customary pay for operators of pile drivers in that vicinity. In this he was corroborated by the witness Young. He further alleged, in effect, that his average weekly wage could not be found under subdivision 1 of Section 1 of Article 8309, R.S.1925, but that same should be found under subsection 2 of Section 1 of Article 8309; and in the alternative, that if he was mistaken in this, then his average weekly wage should be found under subsection 3 of Section 1 of said Article 8309. The evidence supported the allegation that his average weekly wage could not be found under subsection 1, and also it did not support his allegation as to subsection 2. So the court properly submitted the question of his average weekly wage under subsection 3 of Section 1 of Article 8309, which the jury found to be $30. We think there is evidence to support this finding.

■ The tenth proposition complains that the court erred in sustaining appellee's objections and exceptions to that part of its motion for a new trial in which misconduct of the jury was alleged as a ground for granting a new trial, and in refusing permission to appellant to introduce members of the jury for the purpose of adducing evidence relative to its said allegations of misconduct. There is no merit in the proposition. The ninety-third paragraph of the motion for a new trial sets up the matter complained of, but is too lengthy to be reproduced here. It did not name any of the jurors who were thought to have been guilty of the misconduct complained, nor to which other jurors the alleged hurtful statements were made, but complained in general terms, and this was on information and belief. We think the motion, in this particular, was too indefinite and uncertain. The bill of exception to the action of the court is no better. It does not name any juror as guilty of the alleged misconduct, nor does it state that any one of them would have testified to the matter alleged, but merely says "that it is believed by the defendant that their testimony would have been that certain members of the jury had related their personal experiences to other members, * * *." This was not an allegation of fact as to any misconduct, but was merely a supposition or belief that certain things had taken place in the jury room. It should have definitely alleged the facts, if any such there were. To accept such allegations and permit the calling in of the jurors and their being placed on the witness stand for the purpose, if may be, of fishing from them some hurtful matter relative to their deliberations in the jury room, would unduly consume the court's time, and permit the harassing of the jurors without adequate cause.

■ The eleventh proposition is, in effect, that appellant had paid to appellee compensation for 32 weeks at the rate of $12 per week, and that this was the rate appellee was entitled to receive (if entitled to compensation), and that appellee accepted same which, in the absence of fraud or mistake, which was neither plead nor proved, wherefore the judgment for compensation at the rate of $18 was fundamentally erroneous, and reversible error. This contention is overruled. The payments were voluntarily made by appellant, and there is nothing in the record to indicate that the

payments were made by reason of any agreement between the parties, or in settlement of the claim. If the Industrial Accident Board awarded appellee compensation at the rate of $12 per week, the record, evidenced by this suit, is plain that appellee refused to accept said award and filed this suit to set aside and annul same. The mere fact that appellant paid appellee 32 weekly payments of compensation in a less sum than he was entitled to receive under the Compensation Law, and that appellee accepted same, does not bar him from establishing and being awarded his lawful wage rate. Traders & Gen. Ins. Co. v. Patterson, Tex.Civ.App., 123 S.W.2d 766, writ dismissed.

The twelfth proposition asserts that the court erred in submitting special issue No. 8 to the jury, which reads: "Do you find from a preponderance of the evidence that such total disability, if any, was temporary? Answer Yes or No." The jury answered "No."

The objection to the issue was that, as worded, it improperly placed the burden of proof on the defendant to establish the negative of such issue. The proposition is not sound. Appellant insists it was entitled to have the issue affirmatively submitted properly placing the burden of proof on appellee to establish the negative of such issue, and to secure such submission it prepared a special issue, as it contends, properly framed and tendered it to the court for submission, which the court refused. It reads: "Do you find from the evidence that such total disability, if any, suffered by the plaintiff was not only temporary? Answer Yes or No. You are further instructed in connection with the above issue, that unless you find from a preponderance of the evidence that such disability is not only temporary, then you will answer said issue 'No.'"

The issue as submitted by the court was a correct, sufficient and affirmative submission of the issue of temporary disability. Wright v. Traders & Gen. Ins. Co., 132 Tex. 172, 123 S.W.2d 314, 317, 5th par. We are not favorably impressed with the issue requested by appellant. The inclusion of the words "not only" added neither to the clarity nor sufficiency of the issue as submitted by the court. To our minds they smack of a double submission of the question of permanent disability, and, too, they were calculated to confuse the minds of the jury and thus invite a wrong answer.

What we have said disposes of appellant's thirteenth proposition relative to the submission of the issue of "partial" disability.

The judgment should be affirmed, and it is so ordered.

Affirmed.