The indictment in the case alleges the following items, with the value stated:

| | |
|---|---|
| One bedspread | $100.00 |
| Army Insignia collection | 295.00 |
| One heating pad | 7.95 |
| One Book | 1.00 |
| One Stone Necklace | 5.00 |
| One *Beau* Shape Pin | 3.50 |
| One Army E Pin | 1.00 |
| Forty pieces of China and Glass Dishes | 35.00 |
| One pen staff and holder | 1.50 |
| One Number Two Wash Tub | 1.50 |

Of the above articles neither the bedspread nor the Army Insignia collection was shown to have been stolen by appellants and the amount of $395 must be deducted from the total of the allegations in the indictment. This would leave a total value of articles taken in the search and alleged in the indictment to be $57.45. It is noted, further, that there is no evidence in the record as to the value of the Army E Pin, the tub, or the china and glass dishes. Deduct from the alleged items the three of which no proof of value was made and we find that the State has alleged and proven items to the value of only $19.95 which may be charged against the appellants. (An irreconcilable variance in the testimony of the prosecuting witnesses could change the total only a few cents.)

 As stated above, the motion for an instructed verdict should not have been granted in full, but it is sufficient to raise the question as to the sufficiency of the evidence to support a felony conviction. Garrett v. State, 87 Tex.Cr.R. 12, 218 S.W. 1064.

 In the event of another trial attention is called to the results of the foregoing holding that the evidence as to the value of articles found and not alleged in the indictment should not be admitted. Likewise, evidence of the value of articles alleged in the indictment but not recovered in the search of appellants' premises would not be admissible unless the State should discharge the burden of proof cast upon it to show that all such articles were taken at the same time.

 One may not be prosecuted for the theft of an article found in the possession of the accused unless it is alleged in the indictment. See Garrett v. State, supra. Just why several articles found in the search and claimed by the Cowans were not alleged in the indictment does not appear from the record. The reason for their omission is immaterial to a decision of the question now before us. All evidence relative to them was improperly before the jury in the circumstances of the case under consideration.

Appellants' motion for rehearing is granted. The judgment affirming the case is set aside and the cause is now reversed and remanded.

SMITH et al. v. HOUSTON TRANSIT CO.

No. 12016.

Court of Civil Appeals of Texas. Galveston.

Nov. 18, 1948.

Rehearing Denied Dec. 9, 1948.

188

Mandell & Wright, of Houston (Arthur J. Mandell & Jack M. Clemer, both of Houston, of counsel), for appellants.

Wm. R. Brown, Curtiss Brown, Raymond L. McDermott, all of Houston (Baker, Botts, Andrews & Parish, of Houston, of counsel), for appellee.

GRAVES, Justice.

This appeal is from a judgment of the 113th District Court of Harris County, entered in part upon the jury's verdict in response to special-issues submitted, and in part upon the court's independent findings, denying the appellant any recovery against the appellee of damages, for the alleged wrongful death of her six-year-old son, who was run over and killed by one of the appellee's moving buses, near its regular bus-stop cater-cornered across from the Lutheran Bethany school at the junction of Lindale Avenue and Lazarus Street, in the City of Houston.

In response to the special-issues, the jury found that the deceased had stopped in front of the bus, that such stopping was negligent for a child of his age and experience, that he was negligent in that he failed to keep a proper lookout, and that the deceased's negligence was a proximate cause of the accident.

In her appeal from such judgment, the appellant presents here 10 points-of-error, which may be condensed into these three overall contentions: First, the court erred in overruling the appellant's objections to the submission of its special-issues Nos. 8, 12, and 13, because the evidence was insufficient to support the submission of any one of them;

Second, the court erred in sustaining appellee's special-exceptions to that portion of appellant's motion for a new trial declaring that the jury had been guilty of misconduct, and in refusing to hear evidence thereunder, or to permit such motion to be amended, since it "contained * * * allegations-of-fact constituting misconduct, * * *.";

Third, "The court having heard the evidence of the jurors—establishing misconduct warranting the setting aside of the jury verdict—erroneously failed to consider the same, and * * * to hold that misconduct prejudicial to appellant occurred."

After a painstaking study of the statement-of-facts, this Court is unable to agree with appellant that the evidence was either insufficient to support the submission of the trial court's special-issues Nos.

8, 12, and 13, propounding those inquiries to the jury, or to sustain the jury's findings thereon to the effect that (1) the deceased stopped in front of the bus, (2) such stopping was negligence, and (3) he failed to keep a proper lookout.

Indeed, while it would be going beyond the requirements for this Court to undertake a restatement of the testimony bearing upon these inquiries, or even a comprehensive résumé thereof, the evidence upon them was comparatively simple and well-nigh free of dispute or controversy; in addition to the bus-driver, there were in fact but three witnesses, who were in a position to and did testify as to the activities of the deceased child immediately prior to the accident. Two of such witnesses, Harold Lee Mittelstedt and Robert Van Ness, respectively, not only did not undertake to answer the question of whether the little boy stopped in front of the bus immediately before the accident, nor, one way or the other, whether he did or did not so stop. Whereas, the third of these witnesses, Mrs. Lydia Werner, was shown to have been in position to do so, and she gave clear and positive testimony to facts and conditions, which may be fairly summarized in this way:

At the time of the accident she was parked in her automobile about fifty feet from where the accident occurred; the bus had not started moving when she first saw the deceased; he was right in front of the bus and had his hand under the bus; she did not know whether it was right under the bus, or whether he was playing; at least, he was moving his hand, and that is all she could say; he was right up to the bus, right in the center of the bus; he had stopped and was playing right in front of the bus; he was doing something on the bus; she didn't know just how long, but he played there quite a while; the bus-driver picked up some passengers; the deceased had had plenty of time to get across, if he had not stopped there and played before the bus started up; after the bus-driver closed the door, the bus started off and the deceased tried to hold the bus back with both hands; when he saw he couldn't hold the bus back, he ran to the left of the bus: he saw he couldn't make it that way, and he turned back the opposite way, and, as he did that, he went down; the bus started off very slowly. She had seen the deceased in front of the bus for what seemed longer than a minute, half a minute, or quarter of a minute, because the bus-operator had just opened the doors when she saw the deceased there in front of the bus; that she thereafter saw the bus-operator close the door, and that, from the time of opening it until closing, it was long enough to let at least two children enter the bus.

When the evidence is thus looked to, it seems plain—under our authorities—that negligence in the respects so found on the part of the child was not only reasonably inferable, but was properly attributed to it by the trial court. Norris Bros. v. Mattinson, Tex.Civ.App., 145 S.W.2d 204; Green v. Ligon, Tex.Civ.App., 190 S.W.2d 742, writ refused; St. Louis & S. F. Ry. Co. v. Christian, 8 Tex.Civ.App., 246, 27 S.W. 932; Texas & N. O. R. Co. v. Spencer, Tex. Civ.App., 244 S.W. 1089, no writ action, Comanche Duke Oil Co. v. Texas Pacific Coal & Oil Co., Tex.Com.App., 298 S.W. 554, 563; French v. Southwestern Telegraph and Telephone Co., 110 Tex. 505, 162 S.W. 406.

Appellant concedes that the child was not too young to be guilty of contributory negligence, when its age, intelligence, and discretion were taken into consideration, as the trial court instructed the jury to do; moreover it was conclusively if not undisputedly shown, (1) that the little fellow was unusally bright and intelligent for one of his age; (2) that he did stop directly in front of and close to the front-end of the bus before it started up, in such position that the bus-driver could not see him, and that he so remained until the bus started moving, and hit him; (3) that there was no testimony of probative force tending to show any negligent acts upon the part of the driver.

█ So that, on the whole case, it was thus an instance in which an inference of negligence would have had to be drawn from the mere happening of the accident alone, which is contrary to all the authorities on the subject, when, as here, acts of negligence specifically alleged and de-

scribed by appellant constituted the gist of her suit; in other words, the doctrine of Res Ipsa Loquitur had no application whatever. 30 Tex.Jur., Negligence, pars. 2 & 3 & 127.

▇ Neither, it is concluded, in the state of this record, did the trial court abuse its discretion in holding appellant not entitled to a new trial on her claim of having shown misconduct of the jury that so answered the special-issues.

As above indicated, her controlling contention with reference to this feature of the controversy is that she met the applicable standards of law laid down by our Supreme Court in Jones Lumber Company v. Murphy, 139 Tex. 478, 163 S.W.2d 644.

But when the indisputable facts here are looked to, it seems clear that this is not the counterpart of the Murphy case upon that question, nor even a companion-one, but that it is directly contradictory thereto; rather is the cause at bar controlled by this Court's differentiation of Thompson v. Railway Express Agency, Tex.Civ.App., 206 S.W.2d 134, 136, from the Murphy case.

In the Thompson case, this Court said: "But here appellant, in the light of the ruling in the Murphy case, and in disregard of appellees' special exceptions seeking to require a compliance with such ruling, failed to comply with the prescribed standards. The court's refusal to hear testimony of misconduct was clearly a matter involving the exercise of a sound judicial discretion, within the ruling in the Murphy case."

In other words, this cause upon its facts, as shown in the record, is indeed a counterpart of the Thompson cause, and, like it, must accordingly not only be distinguished from Jones v. Murphy, but also be decided upon the law as therein declared; that is, the principles so declared in the Murphy case govern here, too, but are fatal to this action when applied to its facts.

Without undertaking to at length detail them, the controlling features here so classifying this cause are these:

(1) The motion for new trial had no affidavits, or written statements by jurors, attached thereto.

(2) Appellant's counsel had ample but un-used opportunity to amend his motion prior to the April 5th hearing on the exceptions, and to attach thereto the proper affidavits, but did not request such privileges either then or after the court's ruling sustaining the exceptions;

(3) The motion for new trial contained no reasons, or excuses, as to why the affidavits or written statements of jurors were not attached, and no offer was made by appellant's counsel to amend the motion and set out therein any reasonable excuse he might have.

(4) The motion for new trial did not set out the specific allegations of jury misconduct relied upon by appellant, naming or identifying the juror or jurors who made the alleged remarks, and showing as a consequence thereof that harm resulted to the appellant.

These conclusions are rested upon authorities, a partial list of which may be thus cited, in addition to the Murphy and Jones case, supra: Trader's & General Ins. Co. v. May, Tex.Civ.App., 168 S.W.2d 267, err. ref.; Federal Underwriters Exchange v. Skinner, Tex.Civ.App., 146 S.W.2d 325, appl. dismd., judgment correct; Robertson v. Humble Oil & Refg. Co., Tex.Civ.App., 116 S.W.2d 820, err. dism.

▇ Appellant's third contention is held to present nothing for review here, when the reaches of the cause were so determined by the procedure she took below, as above indicated; in other words, the trial court did not hear the testimony appellant incorporated in her bill-of-exceptions with respect to the alleged jury-misconduct in order to test its truth or falsity, but, over the appellee's strenuous objections, solely for the purpose of permitting it to be incorporated into such bill-of-exceptions. That is, the entire testimony by the jurors was put on by the appellant for the exclusive purpose of making a bill-of-exceptions; and that was done after the trial judge had ruled that the motion for new trial was insufficient; the testimony was not heard, or recorded, for the purpose of determining whether material jury-misconduct had occurred.

Wherefore, the only function of this Court—on review of the overruling of such motion—is to determine whether that action constituted an abuse of its discretion by the trial court. Thompson v. Railway Express Agency, Tex.Civ.App., 206 S.W.2d 134, at page 136, wr. ref.

These conclusions require an affirmance of the judgment It will be so ordered.

Affirmed.