**GRANDSTAFF et al. v. T. E. MERCER, TEAMING AND TRUCKING CONTRACTOR.**

No. 15090.

Court of Civil Appeals of Texas.
Fort Worth.

Jan. 27, 1950.

Rehearing Denied Feb. 24, 1950.

John Honts, Fort Worth, Jones, Jones & Brian, and Franklin Jones, Marshall, for appellant C. R. Grandstaff.

Emory Cantey, Fort Worth, for appellant Hartford Accident & Indemnity Co.

Rawlings, Sayers & Scurlock, Hill, Paddock & Langdon and Homa S. Hill, Fort Worth, for appellee.

McDONALD, Chief Justice.

Appellant C. R. Grandstaff, while in the employ of Penrod Drilling Company, sustained personal injuries in the State of

Louisiana. Hartford Accident and Indemnity Company carried Penrod's workmen's compensation insurance. The laws of Louisiana, somewhat like the applicable laws of Texas, Art. 8307, Sec. 6a, Vernon's Ann Civ.St., permit suits to be brought by an injured employee against a third person whose wrongful act is claimed to have caused the injury, and permit the compensation carrier to recover in the same suit such amounts as it has expended by way of benefits payable under the workmen's compensation law.

Grandstaff brought the present suit against appellees, who will sometimes be referred to as Mercer, charging negligence on the part of Mercer's employee. Hartford intervened in the suit, and it was stipulated at the trial that Hartford had expended almost $4,000 in compensation payments, medical bills, etc. No issue is raised as to the right of the parties to maintain the suit in a Texas court, nor is there any difference between Grandstaff and Hartford concerning the right of the latter to recoupment of the recovery sought against Mercer nor as to the amount of Hartford's claim.

The injury was sustained while some pipe was being unloaded from Mercer's truck. The jury verdict, which included a finding of unavoidable accident, was favorable to Mercer, and judgment was rendered that Grandstaff and Hartford respectively take nothing. Grandstaff and Hartford have appealed, relying on the points of error herein discussed. This is the second appeal of the case. See Grandstaff v. Mercer, Tex.Civ.App., 214 S.W.2d 133, writ ref. n.r.e.

The first complaint, presented under three points of error, concerns argument of appellees' counsel to the jury, and the comments of the trial court with respect thereto. Although appellants' brief quotes a portion of the argument of Mr. Hill, one of the attorneys appearing for appellees, it is plain from the assignments of error set out in the motion for new trial that the complaint is limited to portions of the argument of Mr. Scurlock, one of appellees' attorneys.

The substance of the objectionable argument, except for a figure of speech employed by counsel which we do not consider of controlling importance, was that Hartford was an insurance company that had the responsibility of taking care of Grandstaff's disability and that it was trying to avoid such responsibility and place it on Mercer's shoulders; that Hartford was saying, "You take over our responsibility and give us our money back;" that it could be assumed as a matter of common sense that Hartford had been paid for assuming such responsibility. Counsel further said that he wanted to call the attention of the jury to "who is carrying the burden, so to speak, for the insurance company in this case;" that Grandstaff's attorneys had been "carrying the torch" for the insurance company. Counsel also began an argument to the effect that there was no evidence that Hartford had performed its full responsibility to Grandstaff—that there was no release or settlement agreement in the record. Objection was made to the last mentioned argument and it is fairly clear from the bill of exceptions that the court sustained the last mentioned objection and instructed the jury not to consider any argument about a release. The last remark of counsel of which complaint is made was, "I didn't intend to step on anybody's toes. I was just trying to argue what I think is in the record."

The pleadings of the parties concerning Hartford's recoupment claim, and the stipulation concerning the amount of compensation and medical bills paid by Hartford, were brought to the jury's attention without complaint from anyone.

■ Appellants contend that there was nothing in the record to justify the argument that Hartford was trying to avoid its responsibility to Grandstaff, and that counsel's only purpose in making the argument was to prejudice the jury against Hartford, and also to prejudice the jury against Grandstaff by the argument that he was carrying the torch for the insurance company. Citing City of Pampa v. Todd, Tex.Com.App., 59 S.W.2d 114, appellants

say that appellees should not, under the guise of argument, have been permitted to indulge in prejudicial statements which were foreign to the record and had no bearing on the real issues in the case. Appellants point out that there was no controversy over the fact that Hartford had paid compensation, nor as to the amount paid, nor as to its right to recoup such amounts from any recovery adjudged against Mercer. They say that the effort to recover from Mercer was not the equivalent of a denial of responsibility to Grandstaff. Appellants cite the opinions holding that it is improper to inject the matter of liability insurance in negligence cases (Barrington v. Duncan, 140 Tex. 510, 169 S.W.2d 462, for example), and also cite Johnson v. Willoughby, Tex.Civ. App., 183 S.W.2d 201, writ refused, and Myers v. Thomas, 143. Tex. 502, 186 S.W. 2d 811, in which two latter cases it is held that in a suit like the one before us the employee has the right to insist that knowledge of the subrogation claim of the insurer be withheld from the jury, on the ground that the facts concerning the subrogation claim have no bearing on the issues involved in the employee's suit against the third party, and would tend only to becloud the issues and mislead and confuse the jury.

In the present case, without objection from any of the parties, the jury were informed of Hartford's subrogation claim. It is probable that the trial judge had this fact in mind when he overruled the objection that the argument was out of the record, and said, in overruling the objection, "Well, it is in the record."

▉▉ The argument complained of, when all of it is considered, was not a charge that Hartford had theretofore avoided its responsibility to Grandstaff, but was only a comment on the fact that it was seeking reimbursement from Mercer for what it had expended, and the import of the argument was that Mercer would thus have to bear the burden of what had been Hartford's responsibility. Appellees' counsel made specific reference, in the complained of portion of the argument, to

the stipulation concerning Hartford's payment of compensation and medical bills. We are not able to see that the argument was out of the record, nor do we see that it was merely a prejudicial appeal to find the issues in Mercer's favor because Hartford was an insurance company which had been paid for assuming the risk of paying compensation to Grandstaff. An objection to argument of counsel should state the ground of the objection, and ordinarily will be overruled if the argument is not subject to the precise ground of objection stated. 41 Tex.Jur., Trial-Civil Cases, Section 90; 3-A Tex.Jur. (Rev.), Appeal and Error, Section 156. We do not consider that the argument was of such serious and prejudicial nature as to require a reversal in the absence of an objection made to it in the trial court.

Appellants also charge misconduct on the part of the jury. It is claimed that a discussion of the following nature took place while the jury was considering its verdict: That Grandstaff had been damaged and ought to recover from some one; that he should have sued Penrod Drilling Company; that no matter how the issues then being considered were answered, Grandstaff could still sue and recover from Penrod. Two of the jurors testified at the hearing of the motion for new trial. At the request of appellants the trial judge filed written findings and conclusions pertaining to the alleged misconduct. After carefully reviewing the testimony of the two jurors, we believe that there is support in the evidence for the findings of the trial court to the effect there was some discussion relating to the responsibility of Penrod with regard to the accident and the injuries sustained by Grandstaff, but that such discussion amounted to nothing more than the jurors' expressions of personal opinion as to who was responsible for the conduct of the driver of Mercer's truck, that is, whether he was at the time of the accident Mercer's employee or Penrod's employee. It may be said here, as may be seen from our opinion written on the former appeal, cited supra, that a ground of defense alleged by Mercer was

that his driver had become a borrowed employee of Penrod at the time of the accident. Another ground of defense was that Grandstaff was at the time a borrowed employee of Mercer. Issues were submitted to the jury inquiring, respectively, if the truck driver was a temporary employee of Penrod, and if Grandstaff was a temporary employee of Mercer. The court found that there was no agreement or understanding among the jurors to answer the issues in such a way as to bring about a favorable judgment for any party. He found that there was some speculation as to whether Grandstaff had a claim against Penrod, but that there was no definite representation by any juror to such effect, and that such statements were merely speculation and expressions of personal opinion.

Resolving such conflicts as there may be in the jurors' testimony in favor of the findings of the trial court, it appears that some of the members of the jury expressed opinions to the effect that Grandstaff should have sued Penrod, and that he would have recourse against Penrod if he should fail to recover against Mercer.

■ In view of the contentions of the various parties, as reflected by their pleadings and the evidence, it is not surprising that the members of the jury discussed the question whether or not Grandstaff should have sued Penrod instead of Mercer. Under the Louisiana law, the employer is liable for compensation even though he carries insurance. Especially in answering the issues inquiring if Grandstaff was in the temporary employment of Mercer and if the truck driver was in the temporary employment of Penrod, it would be likely that the members of the jury, being laymen, would express opinions to each other as to the responsibility of Penrod for the damages sustained by Grandstaff. The controlling fact is that there is no proof that they agreed to or did answer the issues in such manner as to bring about a judgment for either party. The jurors did no more than continue the debate, so to speak, raised by the parties in their pleadings, evidence and arguments to the jury. It is our view that no reversible error is presented in this respect.

Attached to the motion for new trial was an affidavit of one of the jurors with respect to the alleged misconduct. There was also attached to the motion an affidavit of one of appellants' attorneys in which he stated that he had talked to other members of the jury, and that he believed that the misconduct alleged in the motion for new trial actually occurred.

■ Complaint is made of the action of the trial court in refusing to permit testimony of misconduct of the jury which was referred to in the motion for new trial, but which was not referred to in the affidavit of the juror. In other words, the trial court confined the inquiry as to misconduct to the grounds set out in the juror's affidavit. We hold, under authority of Roy Jones Lumber Co. v. Murphy, 139 Tex. 478, 163 S.W.2d 644, that it was within the discretion of the trial court to confine the inquiry as to jury misconduct to the grounds set out in the juror's affidavit. Appellants argue that since the motion and the accompanying affidavit authorized an inquiry into the matter of misconduct the court should have permitted evidence as to any misconduct referred to in the motion, even though there was no affidavit of a juror to support it. We think that the procedure contended for by appellants would largely destroy the rules announced in the case just cited.

The judgment of the trial court is affirmed.