### ADKINS v. TEXAS & P. RY. CO.
#### No. 15185.

Court of Civil Appeals of Texas.
Fort Worth.

Oct. 13, 1950.

Rehearing Denied Nov. 17, 1950.

E. G. Moseley and Tom R. Hopkins, both of Dallas, for appellant.

Samuels, Brown, Herman & Scott and Ardell M. Young, all of Fort Worth, for appellee.

McDONALD, Chief Justice.

On September 15, 1947, appellant Adkins was employed as a switchman by appellee. The claim he presents in this suit is that on said date, as a locomotive operated by appellee was being started, the driving wheels were negligently allowed to slip, and that the wheels caused a piece of steel to be thrown into appellant's left eye. The case was submitted to the jury on nine special issues. The jury found that the wheels slipped, but that the slipping of the wheels was not the result of any negligence on appellee's part. No other ground of negligence was submitted to the jury. In answer to the fourth special issue, the jury found that appellant's injuries were the result of an unavoidable accident. The jury answered the damage issue, and also a group of issues submitted under a defensive plea of contributory negligence. The contributory negligence issues were answered favorably to appellant. Appellant appeals from the judgment denying him a recovery.

Appellant alleged misconduct on the part of the jury in his motion for new trial. Appellee excepted to the motion because it was not verified or supported by affidavits of jurors. From the record it appears that when appellee's exceptions were first presented the court announced that he would permit appellant to present the testimony of the jurors, but that after six of them had testified the exceptions were again presented to the court, the exceptions were sustained, and the allegations in the motion for new trial pertaining to jury misconduct were ordered stricken. The order of the court overruling the motion for new trial recites that the exceptions were sustained, and also recites that it appeared to the court from the evidence that there was no misconduct of the jury.

It was within the discretion of the trial court to hear, or to refuse to hear, evidence of misconduct where the motion for new trial was not verified, where there were no supporting affidavits of jurors, and where no excuse was offered for the lack of verification. The rules relating to the discretion of the trial judge in such matters are fully stated in the following cases, to which reference is made: Jones Lumber Co. v. Murphy, 139 Tex. 478, 163 S.W.2d 644; Thompson v. Railway Express Agency, Tex.Civ.App., 206 S.W.2d 134, writ ref. n.r.e.; Smith v. Houston Transit Co., Tex.Civ.App., 215 S.W.2d 187, writ ref. n.r.e.; and Grandstaff v. Mercer, Tex.Civ.App., 227 S.W.2d 372, writ ref. n.r.e. Appellant appears to recognize the accepted rules but argues that since the court went into the matter of misconduct to the extent of hearing six jurors, although the motion for new trial was not verified, he should have heard the other jurors as well. We are not able to see the force of this argument. If, after six jurors had testified, appellant was still unwilling to verify his motion for new trial, or offer some excuse for not doing so, the trial court was clearly justified in declining to go further in the probe for jury misconduct, especially in view of the fact that the testimony of the six jurors, in the opinion of the trial court, failed to show that any misconduct had occurred. See especially, Grandstaff v. Mercer, supra, 227 S.W.2d 372, 375.

Appellant attacks the finding of the trial court that the testimony of the six jurors did not show misconduct. Some of the jurors testified vaguely about remarks made in the jury room to the effect that

the outcome of the suit would not be affected by the way the unavoidable accident issue might be answered. If any such remarks were made, they could not have operated to appellant's prejudice, because the jury found appellee not guilty of the only act of negligence submitted in the charge. Whichever way the jury might have answered the unavoidable accident issue, judgment would have been for appellee on the verdict.

 Other findings of the jury being to the effect that neither appellant nor appellee was negligent, the unavoidable accident issue, or any alleged error with respect thereto, becomes immaterial. Brown v. Dallas Gas Co., Tex.Civ.App., 42 S.W. 2d 869, writ refused. Furthermore, the testimony of the six jurors was so vague and uncertain that the trial court was warranted in finding that the alleged misconduct did not occur.

Under his sixth, seventh, eighth and ninth points of error, appellant argues that the court erred in rendering judgment for appellee and in failing to grant a new trial, because the undisputed evidence showed that appellee was negligent in causing the driving wheels of the locomotive to slip, and that such negligence caused appellant's injury.

We can find no ground in the record for holding that the evidence showed appellee guilty of negligence in the respect charged as a matter of law. The best that could possibly be said in appellant's favor on this matter would be that there was enough evidence to carry the issue of negligence to the jury. Also, it cannot reasonably be said that the evidence showed as a matter of law that the spinning of the wheels caused the particle in question to be thrown into appellant's eye. It could be said with more reason that there was no evidence of probative value, nothing more than mere surmise and speculation, tending to show what caused the particle to enter appellant's eye. The evidence may have raised issues of negligence and proximate cause, questions we need not decide since the verdict was favorable to defendant, but we would not be

justified in holding that negligence and proximate cause were established by the undisputed evidence.

There is yet another reason why these points of error cannot be sustained. Appellant did not file a motion for judgment notwithstanding the verdict, nor did he complain in his motion for new trial of the lack of evidence to support the verdict. Such complaint cannot be raised for the first time on appeal. There was a declaration in appellant's motion for new trial to the effect that the undisputed evidence showed that the accident was not unavoidable, but the motion for new trial contained no allegations to the effect that negligence and proximate cause on appellee's part were shown by undisputed evidence.

Since the points of error present no ground for reversal of the judgment, it must be affirmed.

Judgment affirmed.