**Lila S. COLLINS, Relator,**

v.

**Honorable Joe Frazier BROWN, District Judge, et al., Respondents.**

No. 12887.

Court of Civil Appeals of Texas.

San Antonio.

May 18, 1955.

Rehearing Denied June 8, 1955.

Putman & Putman, San Antonio, for relator.

Eskridge, Groce & Hebdon, San Antonio, for respondents.

NORVELL, Justice.

This is an application for a writ of mandamus ordering the Hon. Joe Frazier Brown, Judge of the Special Criminal District Court of Bexar County, Texas, to proceed to the rendition of judgment upon special findings of a jury in a workmen's compensation case. A motion for mistrial was granted, based upon the finding that the jury's answer to Special Issue No. 6 was in conflict wtih the answers to Special Issues Nos. 7, 8, 9 and 11. This asserted conflict is set forth in the order as being the sole basis for granting a mistrial and refusing plaintiff's motion for judgment upon the verdict.

This Court has jurisdiction to order a district judge to render judgment upon a special issue verdict when such findings are not conflicting and will support a judgment. Art. 1824, Vernon's Ann.Tex.Stats; Friske v. Graham, Tex.Civ.App., 128 S.W.2d 139; American Bottling Co. v. Briggs, Tex.Civ. App., 232 S.W.2d 103. It is necessary that we determine whether or not there is a conflict of findings upon the face of the verdict.

The jury found that the relator, Lila S. Collins (plaintiff below), (1) sustained an injury to her body on March 15, 1954, which (2) was an accidental injury and (3) a producing cause of incapacity on her part; that (4) such incapacity was total and (5) began on the date of injury, May 15, 1954. (The numbers in parenthesis refer to the numbers by which the special issues were designated in the trial court.) Special Issues Nos. 6, 7, 8, 9 and 11, read as follows:

If you have answered Question No. 4 "total", and only if you have so answered, then answer Question No. 6.

Question No. 6. Do you find from a preponderance of the evidence that such

incapacity, if any, is permanent or temporary? Answer: Permanent.

If you have answered Question No. 6 "temporary", and only if you have so answered, then answer Question No. 7.

Question No. 7: For what period of time, if any, do you find from a preponderance of the evidence that Lila S. Collins has or will suffer such total incapacity, if any, from the time such total incapacity, if any began or will begin? Answer: 26 weeks.

If you have answered Question No. 6 "temporary", and only if you have so answered, then you will answer Question No. 8.

Question No. 8: Do you find from a preponderance of the evidence that such temporary total incapacity, if any, was followed by any partial incapacity, as that term is herein defined? Answer: Yes.

If you have answered Question No. 8 "yes", and only if you have so answered, then you will answer Question No. 9.

Question No. 9: Do you find from a preponderance of the evidence that such partial incapacity, if any, is permanent or temporary? Answer: Permanent.

If you have answered Question No. 8 "yes", and only if you have so answered, then you will answer Question No. 11.

Question No. 11: What do you find from a preponderance of the evidence to be the percentage, if any, of such partial incapacity, if any? Answer: 25%.

Other questions submitted by the trial court and not herein mentioned were submitted conditionally and not answered by the jury.

The jury, by its answer to Special Issue No. 6, found that relator's *total incapacity* was permanent. It is argued, however, that the members of the jury in answer to Special Issues Nos. 7, 8, 9 and 11, must have determined that the total incapacity was temporary rather than permanent in that they indicated that (7) the total incapacity was limited to 26 weeks, (8) followed by a partial incapacity, (11) of 25% which (9) was permanent in nature.

This argument overlooks the circumstance that the jury in pursuance to the court's instructions answered unequivocally that relator's incapacity was (4) total and (6) permanent, and that in answering Special Issues Nos. 7, 8, 9 and 11, the jury disregarded the instructions of the court. The jury's answers to these issues were all predicated immediately, or one step removed, upon its answering that the injury of relator was "temporary" rather than "permanent." The jury was in effect instructed not to answer Special Issues Nos. 7, 8, 9 and 11, if they answered Special Issue No. 6, "permanent." The exact wording of the instruction applicable to Special Issue No. 7, was, "If you have answered Question No. 6 'temporary', and *only if you have so answered,* then answer Question No. 7." Similar instructions were given with reference to Special Issues Nos. 8, 9 and 11.

It follows that these answers to Special Issues Nos. 7, 8, 9 and 11 must be classed as voluntary findings. As such they have no force and effect and may be disregarded as surplusage. A special issue finding can only be given legal effect when it constitutes an answer to an inquiry submitted by the court. Otherwise it is at most an unsolicited expression of opinion or belief without legal efficacy. 41–B Tex.Jur. 814, Trial—Civil Cases, § 587.

In the recent case of Williamson Motor Co. v. Smith, Tex.Civ.App., 274 S.W. 2d 191, this Court held that a jury's answers to conditionally submitted issues should be disregarded as mere voluntary findings when the requisites of the conditional submission were not met or fulfilled. This position is supported by numerous decided cases and texts. Alpine Telephone Corporation v. McCall, 143 Tex. 335, 184 S.W.2d 830; Bryan & Emery v. Frick-Reid Supply Co., Tex.Civ.App., 10 S.W.2d 1023; LeMaster v. Farrington, Tex.Civ.App., 103 S.W.2d 802; Erwin v. Welborn, Tex.Civ. App., 207 S.W.2d 124; 41–B Tex.Jur. 815, Trial—Civil Cases, § 588; 3 McDonald,

Texas Civil Practice, 1277, § 1506, Id. Vol. 4, p. 1409, § 17.31.

The district judge erroneously concluded that the jury's findings were conflicting, and upon receipt of this opinion we anticipate that he will set aside the order declaring a mistrial and proceed to a disposition of the case in accordance with Rule 300, Texas Rules of Civil Procedure. Otherwise the writ of mandamus will issue as prayed for.

Mandamus Conditionally Granted.