TEXAS EMPLOYERS' INSURANCE ASSO-
CIATION, Appellant,

v.

Lila S. COLLINS, Appellee.

No. 3355.

Court of Civil Appeals of Texas.

Waco.

May 3, 1956.

Rehearing Denied May 31, 1956.

Eskridge, Groce & Hebdon, San Antonio, for appellant.

Putman & Putman, San Antonio, for appellee.

HALE, Justice.

This is a workmen's compensation case. Appellee, Lila S. Collins, brought the action against appellant to set aside an award of the Industrial Accident Board and to recover compensation benefits at the maximum rate of $25 per week, alleging that she had been totally and permanently incapacitated from performing the usual tasks of a working woman as a result of her injuries.

The case was tried before a jury. In response to special issues, the jury found that appellee (1) sustained an injury to her body on March 15, 1954, which (2) was an accidental injury and (3) a producing cause of the incapacity on her part; that (4) such incapacity was total, (5) began on March 15, 1954, and (6) that such total incapacity was permanent as distinguished from being temporary. Special Issues Nos. 7, 8, 9 and 11 read as follows:

"If you have answered Question No. 6 'temporary', and only if you have so answered, then answer Question No. 7.

"Question No. 7: For what period of time, if any, do you find from a preponderance of the evidence that Lila S. Collins has or will suffer such total incapacity, if any, from the time such total incapacity, if any, began or will begin? Answer: 26 weeks.

"If you have answered Question No. 6 'temporary', and only if you have so answered, then you will answer Question No. 8.

"Question No. 8: Do you find from a preponderance of the evidence that such temporary total incapacity, if any, was followed by any partial incapacity, as that term is herein defined? Answer: Yes.

"If you have answered Question No. 8 'Yes', and only if you have so answered, then you will answer Question No. 9.

"Question No. 9: Do you find from a preponderance of the evidence that such partial incapacity, if any, is permanent or temporary? Answer: Permanent."

"If you have answered Question No. 8 'Yes', and only if you have so answered, then you will answer Question No. 11.

"Question No. 11: What do you find from a preponderance of the evidence to be the percentage, if any, of such partial incapacity, if any? Answer: 25%."

Questions Nos. 10 and 12 to 15, inclusive, were submitted conditionally and they were not answered by the jury or required to be answered under the court's instructions.

In answer to Question No. 16, the jury found that $50 per week would be the amount of money which would be fair and just to appellee and appellant to be fixed as the average weekly wage of appellee.

In due time appellee filed and presented her motion for judgment to be rendered in her behalf, based upon the verdict of the jury. Appellant filed and presented its motion for a mistrial on the grounds that the findings in the verdict of the jury were in irreconcilable conflict to the extent that it was impossible for the court to enter a judgment. The motion of appellee for judgment upon the verdict was refused and appellant's motion for mistrial was granted, based solely upon the court's conclusion that the answer of the jury to Special Issue No. 6 was in irreconcilable conflict with the answers to Special Issues Nos. 7, 8, 9 and 11.

., Appellee herein seasonably presented to the San Antonio Court of Civil Appeals her application for a writ of mandamus, ordering the trial judge to proceed to the rendition of judgment upon the special findings of the jury in the court below. Thereafter, the San Antonio Court held that the District Judge had erroneously concluded the jury's findings were conflicting, and thereupon the application for mandamus was conditionally granted. See: Collins v. Brown, Tex.Civ.App., 279 S.W. 2d 627. The trial judge, in compliance with the opinion and judgment of the San Antonio Court of Civil Appeals, then set aside his prior order declaring a mistrial and rendered judgment in favor of appellee for total, permanent incapacity, the same being based upon weekly payments of $25 per week for 401 weeks. Appellant has duly perfected its appeal from the final judgment rendered against it and the cause is now properly pending in this court for review.

By its first point, appellant says the trial court erred in entering judgment for appellee on the basis of the verdict rendered by the jury, because the answers of the jury to the special issues relating to the extent and duration of appellee's incapacity were in irreconcilable conflict. This is identically the same contention that was presented by appellant as respondent in the San Antonio Court of Civil Appeals on the application of appellee as relator for a writ of mandamus, and we think the judgment and opinion rendered and handed down by the San Antonio court in that proceeding have conclusively foreclosed the question here presented against the same contention now urged by appellant on this appeal. In addition to the authorities cited in the opinion by the San Antonio Court of Civil Appeals in the mandamus proceeding, we call attention to the holding of the Supreme Court in the case of Stone v. Texas Employers Ins. Ass'n, Tex., 273 S. W.2d 59, 60, wherein it was said: "In this case the jury was asked in the disjunctive form whether the total disability is permanent or temporary, which was, in accordance with the rules, an unconditional submission of the issue as to temporary

total incapacity. \* \* \* The controlling issue in this case is whether or not the total incapacity is permanent or temporary. If permanent, the case is ended." Since the jury found in the case here under review on issues submitted unconditionally that appellee's incapacity was total and permanent, the subsequent voluntary and unauthorized answers to Questions 7, 8, 9 and 11, relating to partial and temporary incapacity, having been submitted conditionally, cannot be given any legal force or effect, and should be disregarded as mere surplusage. Collins v. Brown, Tex.Civ. App., 279 S.W.2d 627. Consequently, appellant's first point of error must be overruled.

Under the remaining points in its brief, appellant says the trial court erred in entering judgment against it, based on the jury's finding of $50 per week in answer to Special Issue No. 16, because there was no evidence, or insufficient evidence, to support a finding by the jury as to what would be a just and fair wage rate under Art. 8309, § 1, subsection 3 of Vernon's Tex.Civ.Stats.

Appellee testified that she started to work for the assured about the end of January, 1954, at a wage rate of $30 per week, working five days per week, mending gunny sacks. She was employed by Mr. Gerdes, the manager or foreman of two plants being operated by the assured employer. She also testified that about three weeks after her original employment she had a conversation with Mr. Gerdes with respect to a change of jobs and a change of salary; that she was then transferred to the other plant of her employer where she was to be promoted after two weeks of training, to a forelady and that, as a forelady, her wages would be $50 per week for a five-day week. She further testified that after the two weeks training period, she was transferred to the job of loading 50 and 60 pound sacks of sawdust, this being the job she was doing when she was accidentally injured. She and 3 men were loading these sacks of sawdust on a truck at the time she sustained her injuries.

Mr. Gerdes testified that appellee had been started to work at the job of patching sacks. He stated he had discussed the matter of salary with her and that he planned to make a forelady or operator of her if she would learn the work, and that he planned to pay her $50 a week if she had learned the work. Albert Rodriguez testified that appellee was learning how to operate all the various types of equipment in the plant where she was working. Joe Mendoza, a representative for the Common Laborers' Union, Local 93, testified he was familiar with the usual and customary prevailing wages paid common laborers in San Antonio, Texas for the years 1953 and 1954 and that same was $1.25 per hour for a 40-hour week, whether union or non-union labor.

Appellant did not offer any testimony relating to the issue of appellee's average weekly wage, and the testimony elicited in behalf of appellee as above set forth was undisputed. We think the evidence as a whole was sufficient to support the finding of the jury to the effect that $50 per week would be fair and just to both parties to the appeal as the average weekly wage of appellee. Maryland Cas. Co. v. Drummond, Tex.Civ.App., 114 S.W.2d 356 (er. ref.); United Employers Cas. Co. v. Marr, Tex.Civ.App., 144 S.W.2d 973 (er. dis. cor. judg.); Federal Underwriters Exchange v. Skinner, Tex.Civ.App., 146 S. W.2d 325 (er. dis. cor. judg.).

Finding no reversible error in the judgment appealed from, it is accordingly affirmed.