TEXAS MOTOR COACHES, INCORPORATED V.
J. N. PALMER ET UX.

No. 7192. Decided November 23, 1938.
(121 S. W., 2d Series, 323.)

*Worsham, Burford, Ryburn & Hincks* and *Allen Charlton,* all of Dallas, for plaintiffs in error.

Cited authorities used in opinion.

*Gillen & Francis, Caldwell, Baker, Jordan & Gallagher,* all of Dallas, for defendant in error.

Defendant's objection to the court's definition of proximate cause being merely a request for a different definition and not pointing any defect in the definition as given was insufficient to constitute an objection and was properly overruled. Isbell

v. Lennox, 116 Texas 522, 295 S. W. 920; St. Louis, S. W. Ry. Co. v. Hill Bros., 80 S. W. (2d) 432; Traders & Gen. Ins. Co. v. Parker, 91 S. W. (2d) 503.

On the intervention of new and independent cause. Dallas Ry. & Ter. Co. v. Bankston, 51 S. W. (2d) 304; Young v. Massey, 128 Texas 638, 101 S. W. (2d) 809; Hooks v. Orton, 30 S. W. (2d) 681.

MR. JUDGE MARTIN, of the Commission of Appeals, delivered the opinion for the Court.

Judgment was entered in the trial court in favor of J. N. Palmer and wife against Texas Motor Coaches, Inc., for damages alleged to have been the result of personal injuries sustained by Mrs. Palmer, who was "sideswiped" or struck by a coach belonging to plaintiff in error as it made the turn from Jackson Street into Poydras Street, in the City of Dallas. That judgment was affirmed by the Court of Civil Appeals. See 97 S. W. (2d) 253.

Many grounds of primary negligence were submitted to the jury by the trial court, together with the issue of discovered peril,—all being answered favorably to defendants in error. The only definition of "proximate cause" given by the trial court was in the following language:

"By the term 'proximate cause' as used in this charge, is meant the efficient or producing cause, but for which, the injury would not have happened, and which could have reasonably been foreseen as causing the injury complained of or some similar injury. There may be more than one proximate cause of an event."

Of this charge the Court of Civil Appeals said:

"Complaint is made of the court's definition of proximate cause in that it omitted the conception of a new and independent cause. The definition given was correct. It was not necessary to refer to an independent cause."

■ This definition was not correct if the issue of new and independent cause was raised by the evidence. Orange & Northwestern R. Co. v. Harris et al., 127 Texas 13, 89 S. W. (2d) 973; Dixie Motor Coach Corp. v. Galvan et ux., 126 Texas 109, 86 S. W. (2d) 633; Phoenix Refining Co. v. Tipps, 125 Texas 69, 81 S. W. (2d) 60; Greer v. Thaman et al., 55 S. W. (2d) 519; Southland Greyhound Lines v. Cotten, 126 Texas 596, 91 S. W.

(2d) 326; Fort Worth & D. C. Ry. Co. v. Rowe, 69 S. W. (2d) 169, 172.

A careful study of the record has convinced us that the combined effect of the facts as a whole was sufficient to raise, though perhaps meagerly, the issue of new and independent cause.

Jackson Street runs east and west, and Poydras Street runs north and south. Jackson Street is much narrower east of Poydras Street than it is west. Poydras Street itself is a narrow street, 29 feet 11 inches wide. It is shown that cars were double-parked near the intersection of these streets; that a pedestrian was immediately in front of the coach as it made the turn where the accident happened, who had to run to escape the coach; and that the traffic conditions at this corner, due to a difference in the width of the streets, were somewhat unusual. The coach which "sideswiped" Mrs. Palmer was a long and heavy one, and it was difficult for the driver to make the turn into the narrow street. We are unable to say that the combined effect of the various conditions that existed at the time of the accident, and which in our opinion were not necessarily foreseeable, did not raise the issue of new and independent cause in such way as to make its incorporation necessary in a definition of "proximate cause."

■ It is suggested that we could rest the judgment upon the issue of discovered peril, disregarding altogether the findings on primary negligence. We do not agree to this as there was a direct conflict between Special Issue No. 5 and Special Issues Nos. 10 and 10-A. These were cast into the following language:

Special Issue No. 5. "Do you find from a preponderance of the evidence that the driver of Defendant's motor coach immediately prior to said collision, if any, turned said motor coach sharply to the right into Poydras Street, without first ascertaining the position of Plaintiff, Mrs. Lella Mae Palmer? Answer Yes or No."

Special Issue No. 10. "Do you find from a preponderance of the evidence that immediately before said collision, Plaintiff, Mrs. Lella Mae Palmer, occupied a position of peril? Answer Yes or No."

Special Issue No. 10-A. "Do you find from a preponderance of the evidence that Defendant's driver on the occasion in question discovered the perilous situation of Plaintiff, Mrs. Lella Mae Palmer, in time so that by the exercise of ordinary care in the use of all the means at hand, consistent with safety to himself and said motor coach, he could have avoided injuring

Plaintiff, Mrs. Lella Mae Palmer? Answer Yes or No."

The answer was "Yes" to each of the three above special issues.

By Special Issue No. 5 it is found that immediately prior to the collision the driver of the motor coach did not ascertain the position of plaintiff, and by Special Issues Nos. 10 and 10-A that he did ascertain the situation of Mrs. Palmer. These nullify each other.

This holding is not in conflict with the cases of Northern Texas Traction Co. v. Weed, 300 S. W. 41, by Judge Critz, and St. Louis, B. & M. Ry. Co. v. Cole, 14 S. W. (2d) 1024, wherein it was held, in effect, that failure to keep a lookout did not conflict with a finding of discovered peril. These cases by implication rather support our holding.

The trouble with the special issues in question is that the trial court cast them into such language as to make them directly and pointedly conflicting. We therefore could not rest this judgment upon the issue of discovered peril, found favorably by the jury, where such finding was nullified by another finding in precise opposition to it.

A correct conclusion is believed to have been reached in the other questions decided by the Court of Civil Appeals, and their importance does not seem to justify a rediscussion of same.

The judgment of the trial court and that of the Court of Civil Appeals are reversed, and the cause is remanded.

Opinion adopted by the Supreme Court November 23, 1938.