**GILLETTE MOTOR TRANSPORT, Inc., v. KELLY.**

No. 2243.

Court of Civil Appeals of Texas. Waco.

June 6, 1940.

Rehearing Denied June 27, 1940.

Geppert, Geppert & Victery, of Teague, for appellant.

Williford, Williford & Bond, of Fairfield, for appellee.

ALEXANDER, Justice.

This is a suit for damages for injuries to a mule alleged to have been struck by the defendant's automobile truck. Verdict and judgment were for plaintiff, and defendant has appealed.

■■ The only material question is the sufficiency of the evidence to show liability. The defendant failed to introduce any evidence in its behalf. We must therefore look exclusively to the plaintiff's evidence to support the verdict. The evidence shows that plaintiff's mule broke out of his pasture some time during the night and on the next morning was found beside the highway with his hind leg broken. A witness who lived near the highway testified that he heard an animal running south down the highway some time between the hours of two and four o'clock A. M. He heard a sound like an automobile had hit the animal. The automobile, or other vehicle, which was going in the same direction as the animal, backed up to the scene of the accident and then went on down the road. Another witness testified that on the same day, between three and five o'clock A. M., defendant's agent drove the defendant's truck into witness' filling station, about 1½ miles south of the scene of the accident, and announced that he had hit a mule a short distance out on the highway and wanted to use the telephone. The right light, fender and radiator guard on the truck had been smashed in. The driver of the truck telephoned to defendant's office at Dallas

for a man to come out and repair the truck. The statements of the driver of the truck were made in the course of his employment, apparently within two or three minutes after the accident, and were therefore admissible. The evidence above set out was sufficient to support the jury's finding that the defendant's truck had struck plaintiff's mule. Other witnesses testified that they had found blood and other evidence on the ground, showing that the mule had been struck while it was on the shoulder of the road on the truck's right-hand side of the road. The mule tracks showed that it had run along the shoulder of the road in the direction in which the truck was traveling for a distance of about 150 yards before being struck. There were tracks at the same place showing that the dual wheels of a truck had got off the pavement onto the right-hand shoulder of the road at or near the scene of the accident. These circumstances, when viewed in the light of the failure of the defendant to introduce any evidence in its behalf, were sufficient to authorize the jury to infer that the defendant's driver had negligently failed to keep a proper lookout for the mule. Glazer v. Woodward, Tex.Civ.App., 127 S.W. 2d 938, par. 2. We think the evidence supports the verdict.

The judgment of the trial court is affirmed.