DEATON & SON, Incorporated, v. MILLER WELL SERVICING CO.

No. 6053.

Court of Civil Appeals of Texas. Amarillo.

May 15, 1950.

Crenshaw, Dupree & Milam, Lubbock (Max Addison, Lubbock, of counsel), for appellant.

Alvin R. Allison and Earl R. Allison, Levelland, for appellee.

PITTS, Chief Justice.

This is a suit in which the question of venue was heard together with the merits of the case. Appellee, Miller Well Servicing Company, owned and operated by Ray Miller, sued appellant, Deaton and Son, Incorporated, for damages in the sum of $714, alleging the destruction by appellant of appellee's sand line or swab line which had been laid along the side of a public road right of way and was being used in servicing wells in an oil field. Appellant filed its plea of privilege to be sued in Ector County, Texas, where it resided and had its principal place of business. The same was controverted by appellee on the alleged ground of a trespass having been committed by appellant in Hockley County and claiming venue in the said county under the provisions of Subdivision 9 of Article 1995, Vernon's Annotated Civil Statutes. The issue of venue and the merits of the case were submitted to a jury,

as a result of which appellant's plea of privilege was overruled and damages in the sum of $350 were awarded to appellee from which an appeal has been perfected to this court.

Appellant assails the trial court's judgment on the issue of venue as well as on the issues of merit and charges that venue was sustained on hearsay evidence alone which evidence is alleged to be wholly incompetent. For these reasons appellant seeks to have its plea of privilege sustained and the case transferred to Ector County. Appellee contends that a proper predicate was laid which brought the hearsay testimony within an exception to the usual rule prohibiting the admission and consideration of hearsay testimony and that venue was thus properly established in Hockley County.

The record reveals that the jury found that appellant willfully injured and damaged appellee's sand line for which damage it awarded appellee the sum of $350. The paramount question to be determined here is whether or not a proper predicate had been laid for the admission, over timely objections made by appellant, of hearsay testimony given by the witness Ray Miller to the effect that Blacky Pierce, appellant's agent, admitted to the said witness that appellant damaged appellee's sand line.

Appellee relies on the testimony of Ray Miller to establish venue as well as the claim made against appellant for damages. Miller testified that his sand line had been laid in the borrow pit by the side of the road early one morning. At an early hour the next morning he found his sand line had been pulled and twisted, causing kinks in some of it. He further found that fresh work had been done on the borrow ditch where he had placed his sand line and a bulldozer was parked nearby. He further found that his sand line had been apparently run over by machinery and considerably damaged. Miller further testified that he knew Mr. Deaton and one of his sons and he likewise testified over the objections of appellant that he knew Blacky Pierce to be the general superintendent for Mr. Deaton in charge of the work on that job; that he knew Blacky Pierce had been employed by Deaton and Son, Incorporated, off and on for three or four years; that he went back to the scene of the damage about noon the same day; that Blacky Pierce came there later and he had a conversation with Blacky Pierce about the damages done to the sand line in which conversation Blacky Pierce acknowledged to the witness that they had done the damage to his sand line; that he (Pierce) did not think the sand line was any good and that they tied on to it and pulled it out of their way, leaving it where the witness had found it earlier in the day. On cross-examination Miller testified, in effect, that he did not see the damage done and knew who did it only by what Blacky Pierce told him. He further testified that Blacky Pierce did not see the damage done. It therefore appears from the testimony of the witness Miller that Blacky Pierce did not know of his own knowledge who did the damage to appellant's sand line. Blacky Pierce did not testify; neither did Deaton nor his son or any agent or employee of appellant.

It has been held that the purpose of our venue statute is to give a person that has been sued the right to defend the suit in the county of his residence except under well defined exceptions. It has been further held that the burden rests upon the plaintiff to clearly plead and prove that the case comes within the exception before a defendant can be deprived of the right of trial in the county of his domicile and that when a defendant has filed a plea of privilege, it shall be prima facie proof of his right to a change of venue. A. H. Belo Corporation v. Blanton, 133 Tex. 391, 129 S.W.2d 619. Exceptions to the privilege of a citizen to be sued in the county of his domicile must be strictly and clearly established. Williams v. Rearick, Tex.Civ. App., 218 S.W.2d 225, and other authorities there cited.

In the case of Le Sage v. Pryor, 137 Tex. 455, 154 S.W.2d 446, the Commission of Appeals held that declarations of an agent or an employee may be admitted against the principal or employer as an exception to the hearsay rule but to make such declarations admissible the facts must

bring them clearly within the limitations of the exception; that such declarations must be made within the course of employment and they must bear close relation to the performance of an authorized duty or act in connection with which they are made; and that such declarations must not be voluntary or merely in casual conversation. Several authorities are there cited in support of the rules announced. It is also incumbent upon a party offering evidence, which would ordinarily be considered as hearsay, to show that it comes within some exception to the general rule excluding testimony of that character. 17 Tex.Jur. 532, Section 215, and numerous other authorities there cited.

Some very definite rules governing the admissibility of declarations of agents or employees as against the principal or employer are laid down in Fletcher Cyclopedia Corporations, Volume 2, beginning on page 723, Section 734. Such authority is recognized by the Texas courts as well as many other jurisdictions. Some of the pertinent rules there stated are: (1) that the fact of agency must be established before the declarations can be admitted and such agency must be established by evidence other than the declarations of the alleged agent; neither can the authority of an alleged agent be established by the declarations, acts or conduct of such agent alone; (2) that the admission or declaration must have been made in regard to a matter within the scope of the authority of the agent; (3) that it must appear that the alleged agent, at the time he made the declarations, was engaged in executing the authority conferred upon him, and that the declaration related to and was connected with the business then pending; such declaration must be made officially and not as an individual; (4) that the declaration must be made contemporaneously with the act to which it relates or practically so and a declaration as to past events is not admissible; (5) that the declaration must be of such a nature as to be part of the transaction, either accompanying the act or must be of such a nature as to unfold its character or quality; (6) that the declaration must be one of fact as distinguished from a mere expression of an opinion.

It was held in the case of Cannel Coal Co. v. Luna, Tex.Civ.App., 144 S. W. 721, that the authority of an agent must be traced back to some word or act of the party sought to be shown to be the principal from which source alone authority to act can be obtained; such cannot be established by the agent. In the case at bar appellee sought to make appellant liable but no evidence of probative force was offered to trace the authority of the alleged agency back to appellant as the principal. The witness Ray Miller, the owner of the Miller Well Servicing Company and in fact the appellee here, referred to Blacky Pierce as the "general superintendent" who was "in charge of the work" for appellant but there was no evidence concerning Pierce's duty or authority, if any, under his employment by appellant; there was no evidence of any previous or subsequent transactions between Pierce and appellant other than the testimony of Miller that Pierce had worked for appellant off and on for three or four years; Miller testified that Pierce was "a specialist" but there was no evidence as to the nature of his work or the extent of his authority; there was no evidence showing or tending to show that the acts or declarations of Pierce were made known to appellant or that appellant knew, acquiesced in or in any manner ratified the acts or declarations of Pierce in connection with the damages done to Miller's sand line. Appellee contends through counsel that Miller knew from personal acquaintance and general information throughout the community that Blacky Pierce was the agent of appellant but the witness Miller did not divulge any source of authority upon which he based his information that Pierce was appellant's agent or employee or that he was "general superintendent" or "in charge of the work" for appellant. This court held in the case of Smyth v. Conner, Tex. Civ.App., 280 S.W. 600, that agency can be established by proving ratification by the principal but such was not done in the case at bar. This court further held in that case that the burden of proving agency

rests upon the party affirming such agency but that such cannot be established by a mere assertion that such is known to be true without divulging the duties of the agent and the character of his representation. There must be a showing that such assertions of agency are based upon information from some authentic source. Neither can agency be proved by general reputation. 2 Tex.Jur. 517, and the numerous authorities there cited.

 Under the record presented to us and the authorities cited, appellee failed to establish by competent evidence that Blacky Pierce was an agent who had authority to bind appellant by the alleged admissions or assertions. The Commission of Appeals held in the case of Southern Surety Co. v. Nalle & Co., 242 S.W. 197, that incompetent evidence is without probative force and will not support a jury verdict or a finding of fact by a court. Numerous authorities are there cited in support of such rule. It is our opinion that appellee also failed to meet the requirements of the other rules governing the admission of an agent's declarations as against his principal or employee as the same have been heretofore stated from Fletcher Cyclopedia Corporations, supra. Appellee therefore failed to lay a proper predicate for the admission of the hearsay evidence given by the witness Ray Miller concerning the admissions of Blacky Pierce made to the said witness acknowledging appellant's liability for damages done to the said sand line. The admission of such hearsay testimony was therefore reversible error.

Appellee alleged that appellant willfully damaged the sand line in question. A further allegation was made in the alternative that appellant negligently damaged the said sand line. It appears that appellee relied upon the first alternative plea since no issues were submitted to the jury on the latter plea. However no affirmative acts of negligence on the part of appellant as distinguished from an omission to perform a duty were established. Therefore no trespass was established such as would have supported venue in Hockley County. Hoover v. Horton, Tex.Civ.App., 209 S.W.2d 646.

For the reasons stated it is our opinion that the trial court should have sustained appellant's motion for a peremptory instruction and should have sustained appellant's plea of privilege and transferred the case to Ector County. The judgment of the trial court is therefore reversed and the cause is remanded with instructions to transfer appellee's alleged cause of action against appellant to the County Court of Ector County, Texas. Reversed and remanded with instructions.