## J. H. ROBINSON TRUCK LINES, Inc., v. RAYMONDVILLE INDEPENDENT SCHOOL DIST.

### No. 4762.

Court of Civil Appeals of Texas. El Paso.

Nov. 22, 1950.

William E. York, McAllen, and Kelley, Looney, McLean & Littleton, Edinburg, for appellant.

Joel William Ellis, Harlingen, for appellee.

SUTTON, Justice.

This is an appeal from the County Court of Willacy County.  The trial was to the Court without a jury and the judgment was for the plaintiff, the School District, for the principal sum of $112.50, from which this appeal is prosecuted.

The plaintiff sued to recover damages for the injury of a door to one of its school buildings and an electric motor that operated a fan in the school cafeteria.  The defendant, the Truck Company, a corporation, brought freight to be delivered to the cafeteria which the driver delivered to and through one of the cafeteria doors.  In the process of backing the truck to the open door the driver backed the truck into and against the door, which evidently opened to the outside.  The door, the door jam, the automatic door check and the fan motor were damaged.

There are findings and conclusions in the record.  The appeal is submitted on a single point of error, "That the court erred in finding of fact No. 6, 'that the truck driver, Defendant's employee, negligently operated Defendant's truck so that it backed up against the back of the school cafeteria', there being no evidence of negligence in the record."

The defendant says the only evidence in the record of negligence is that contained in the testimony of W. J. Box, the school Superintendent, who testified the driver of the truck said "it was his fault that he hit the door, that he had pulled it out there straight and just backed back further than he intended to, and he assured me it would be fixed up by the company." The defendant objected to this testimony at the

time it was given on the ground it was hearsay and not binding on the defendant and hence says it is no testimony because inadmissible.

There is no contention the driver was not the agent of the defendant and acting in the scope of his employment at the time the damage was done, nor that the damage was not occasioned by the backing of the truck into the door. Under the record there cannot be.

Mrs. L. L. Smith, the manager of the cafeteria, testified the Robinson Truck Lines delivered freight to the cafeteria on the occasion in question; that they (without saying who was in the cafeteria) heard the crash and after the bit of commotion produced thereby she went to the building office and telephoned Mr. Box; that she found the truck backed into the door and the resulting damage. Mr. Box testified he received the call and came immediately over to the cafeteria and likewise found the truck against the door and observed the damage done to it. He had to walk two blocks. These and a contractor who testified to the nature and amount of the damage were the only witnesses. The defendant offered no testimony.

In the first place we think the testimony admissible. Only a very short interval of time could have elapsed between the time the accident occurred and the conversation between Mr. Box and the driver. A case about as nearly in point as could well be found on the admissibility of the testimony and the other aspects of the case is those of Gillette Motor Transport, Inc., v. Kelly, Tex.Civ.App., 141 S.W.2d 959. In point also is the case of Cooper Grocer Co. v. Britton, Tex.Civ.App., 74 S.W. 91, wherein Mr. Mechem is quoted, and likewise Missouri K. & T. Ry. Co. v. Russell, 40 Tex. Civ.App. 114, 88 S.W. 379. It is said by the Supreme Court of the United States, Xenia Bank v. Stewart, 114 U.S. 224, 5 S.Ct. 845, 847, 29 L.Ed. 101: "Whatever an agent does or says, in reference to the business in which he is at the time employed and within the scope of his authority, is done or said by the principal, and may be proved as if the evidence applied personally to the principal."

 But, if you exclude the statement of the driver there is still sufficient circumstantial proof of negligence. Negligence, of course, may be proved by circumstantial as well as direct proof, Bock v. Fellman Dry Goods Co., Tex.Com.App., 212 S.W. 635. The evidence, in substance, with respect to how the accident occurred has already been stated. The mere fact a driver of a truck engaged in the operation of spotting it at an open door opened to the outside backs into it and seriously damages it is sufficient to raise an inference of negligence. It has been held the driving of a motor vehicle into the rear of another on a highway under ordinary conditions suggests negligence, Sutherland v. Cotter, Tex. Civ.App., 226 S.W.2d 476, quoting from Edwards v. Hawkins, Tex.Civ.App., 77 S.W.2d 1098 and the cases there cited. The circumstances in such cases are no stronger than in the instant case.

We think the trial court did not err in the admission of the evidence nor in the rendition of the judgment rendered, and it will be affirmed.

McGILL, J., not participating.