ROMO et ux. v. SAN ANTONIO TRANSIT CO. et al.

No. 2935.

Court of Civil Appeals of Texas. Waco.

Jan. 11, 1951.

Rehearing Denied Feb. 8, 1951.

206

G. Woodson Morris, San Antonio, for appellant.

Lang, Byrd, Cross & Ladon, San Antonio, for appellee.

LESTER, Chief Justice.

Guadalupe Romo and wife, Feliz Romo, sued the San Antonio Transit Company and its bus operator, Olin D. Light, for damages as a result of a collision between Romo's truck and a bus, in which Feliz Romo sustained personal injuries and Romo's truck was damaged.

The court submitted the case to the jury upon special issues. The jury answered all issues of primary negligence in appellees' favor and all issues of contributory negligence in appellants' favor, and found that the collision was the result of an unavoidable accident. The jury also fixed the sum of $2500.00 as the amount of damages sustained by Feliz Romo and $75.00 as damages sustained to the truck as a proximate result of the collision.

Appellants' first and second points are as follows:

"First point: The court erred in limiting the testimony of plaintiff Guadalupe Romo and witness Ensibia Gutierrez relating to the res gestae statements of Olin D. Light as against Olin D. Light only."

"Second point: The court erred in instructing the jury that the res gestae statement of Olin D. Light might be considered against the driver of the bus only and not against the San Antonio Transit Company."

Appellant Romo testified that when the collision occurred he got out of his truck and went around in front of it and then went to his wife and took her in his hands and put her in the back seat of the truck. He then went to the bus driver and asked what happened and the driver replied: "It was my fault". Appellants' witness, Mrs. Gutierrez, testified that she heard Light say to Romo: "It was my fault". The Transit Company objected to this statement upon the part of Light, first, because it was a statement upon the part of the servant or employee which, under the law, he was not authorized to make and the defendant Transit Company cannot be bound by such state-

ment; and second, that it was not within the scope of his employment and in fact constitutes an opinion or conclusion of the witness without any fact or facts upon which the opinion or conclusion is based. Light made the objection that the statement was an opinion and conclusion and did not state any fact or facts upon which the opinion or conclusion was based. The court sustained the Transit Company's objection but overruled Light's objection and instructed the jury that the statement could be considered against Light, the driver, but could not be considered against the Transit Company.

We are of the opinion that the court did not err in sustaining the Transit Company's objection to the statement of Light that "it was my fault", for the reason that the same was not a statement of any fact and constituted only a conclusion of said driver. Zepeda et al. v. Moore, Tex.Civ. App., 153 S.W.2d 212; Morgan v. Maunders, Tex.Civ.App., 37 S.W.2d 791; Red Arrow Freight Lines, Inc., v. Gravis, Tex. Civ.App., 84 S.W.2d 540.

Appellants' next two propositions are:

"(3) The court erred in submitting defendant's Special Issues Nos. 1 and 2, since it is a re-submission or double submission of the same questions presented in Special Issues Nos. 24 to 28, inclusive."

"(4) The court erred in submitting defendant's Special Issues Nos. 1 and 2 (defendant's Requested Charge, Questions No. A and No. B) because there is no pleading nor evidence to warrant or support the submission of said issues."

Appellees pleaded that just prior to the collision the bus was proceeding down Houston Street immediately behind appellant and in a line of traffic which was moving very slowly, when the driver of appellant's truck suddenly and without warning of any kind or character, stopped his truck, causing the operator of the bus to turn toward the curb to his right, and simultaneously, while the operator of said bus was attempting to drive said bus toward the curb to the right rear of appellant's truck, another truck which was then parked by said curb, without warning or signal,

started to move in front of said bus. The operator of said bus then steered his bus back to the left toward the center of the lane of traffic to avoid striking the truck moving from the curb, and in so doing, struck appellant's truck. He pleaded the acts of the operator of said truck as a new and independent cause. The court submitted the defense of a new and independent cause in Issues 24 to 28, inclusive. In answer to Issue 24 the jury found that immediately prior to the collision the operator of defendant's bus turned said bus toward the curb. To Issue 25 the jury found that as the operator of the bus was attempting to turn said bus toward the right curb another truck started to move from said curb toward the front of said bus. To Issue 26 the jury found that at the time the truck began moving from the right curb its operator did not fail to give a warning signal. Issue 27 was predicated upon an affirmative answer to Issue 26, and Issue 28 was predicated upon an affirmative answer to Issue 27. The jury failed to answer Issue 26 in the affirmative, therefore issues 27 and 28 were not answered. At the request of appellees the court submitted their specially requested issues Nos. A and B, which are:

"(A) Do you find from a preponderance of the evidence, if any, that Olin D. Light, the operator of defendant's bus, was, at the time of the accident in question, acting under an emergency?" To which the jury answered "Yes", and the term of "emergency" was defined.

"(B) Do you find from a preponderance of the evidence, if any, that after the emergency, if any arose, the operator of defendant's bus did what an ordinarily prudent person would have done under the same or similar circumstances?" To which the jury answered "Yes".

Appellants contend that the submission of Issues (A) and (B) is the submission of the same ultimate fact and facts inquired about in Issues Nos. 24 to 28, inclusive, stating the same thing but in another form; in other words, that the defense of new and intervening cause and the defense of emergency are one and the same. We overrule this contention. The jury found against appellants on all acts of primary

negligence submitted in their behalf. We are of the opinion that if either the pleadings or the evidence did not warrant the submission of the defense of emergency, in view of the findings of the jury such submission should not be held to be reversible error.

■■ Appellants contend that the trial court erred in not granting them a new trial on account of the alleged misconduct of the jury. In their amended motion for a new trial appellants alleged "that the jury was opposed to answering any of the questions inquiring as to the acts of negligence of the driver of the bus against the driver, because thereby they were afraid that he would have to pay it; that the jury bore, and evinced a marked prejudice against Mexicans, as is evidenced by all their answers, for notwithstanding the uncontroverted testimony showing, without dispute, that plaintiffs had sustained substantial and material damages on account of the accident, they did not want to award them any damages, because they were Mexicans;" and attached the affidavit of one of the jurors, Thomas Jordan, to the motion as a part of and an exhibit to said motion. The affidavit of said juror is as follows: "My name is Thomas Jordan. I was a juror in the case of Guadalupe Romo and his wife against the San Antonio Transit Company and Olin D. Light, which was tried in the 57th District Court of this county during the week of November 14, 1949. After the jury retired and before any of the questions were finally answered but while we were discussing the amount issue, the juror who sat to my right in the jury box said: 'Give them Mexicans twenty dollars and let them go back to the beet fields'. Another juror, whose name I do not know, but who sat in the back row in about the fourth seat from the north wall, said: 'They are Mexicans, they don't need any money. Give them twenty dollars and send them back to the beet fields.' Both of these statements were made in the presence of all the jurors." Upon the hearing of said motion Jordan was the only witness called to testify. Appellants first attempted to prove by said witness what was said in the jury room about finding any of the answers to

the issues against the bus driver. Council for appellees objected to the witness going into matters that were not supported by affidavit, and further objected to any general conversation that took place in the jury room because they had not been sufficiently notified and were not prepared to meet it. The trial court stated that the allegations in the motion that the jurors were opposed to answering any questions inquiring as to the acts of negligence of the driver of the bus because they were afraid that the driver would have to pay it, was a general conclusion and was not sufficient to put the appellees on notice to be able to determine whether to subpoena any of the other jurors, and sustained the objection and confined the testimony of the witness to the matters set out in his affidavit; to which the appellants made no exception, but requested the court to admit the testimony of the witness for the purpose of perfecting their bill of exception, and the court admitted the testimony only for the purpose of said bill. Of this action the appellants do not complain on this appeal.

The Supreme Court, in the case of Roy Jones Lumber Co. v. Murphy, 139 Tex. 478, 163 S.W.2d 644, 646, has laid down the rule in respect to affidavits being attached or exhibited supporting the allegations in a motion for a new trial based upon misconduct of the jury, as follows: "in the absence of such affidavits or a reasonable excuse for not exhibiting the same, a refusal to hear testimony from the jurors on the motion is a matter within the sound discretion of the trial judge". The juror's affidavit attached to the motion related only to the allegation that the jurors were prejudiced against Mexicans, and did not support the other allegations of misconduct. Appellants' amended motion was not sworn to and did not contain any explanation or excuse for the failure to have such allegations supported by affidavit of the jurors, and none was offered upon the hearing. Now, the question is, did the trial judge abuse such discretion in refusing to hear and consider the testimony of said witness as evidence in support of the allegations of misconduct that were not supported by the affidavit of said juror? We are of the opin-

ion that he did not. Said allegations are nothing more than a general conclusion. No overt act done or word spoken by any juror is alleged. The appellants secured the affidavit of the juror Jordan concerning the remarks about Mexicans, but the record is silent as to the reason the other matters were not included. No objection was made in the trial court to the action of the court in permitting the witness to testify only for the purpose of perfecting their bill of exception, and no complaint is raised on this appeal for not considering said testimony in support of their allegations set out in their motion for a new trial, but they simply contend that the testimony of said witness, most of which are conclusions and not facts, shows as a matter of law the jury was guilty of misconduct. We are of the opinion that the trial court did not abuse his discretion in confining the testimony of said witness to the matters contained in his affidavit. Roy Jones Lumber Co. v. Murphy, supra; Thompson v. Railway Express Agency et al., Tex.Civ.App., 206 S.W.2d 134; Smith et al. v. Houston Transit Co., Tex.Civ.App., 215 S.W.2d 187; Grandstaff et al. v. T. E. Mercer Teaming & Trucking Contractor, Tex.Civ.App., 227 S.W.2d 372; Adkins v. Texas & P. Ry. Co., Tex.Civ.App., 233 S.W.2d 956.

In respect to the appellants' allegations that the jury bore and evinced a marked prejudice against Mexicans, the juror first testified that one of the jurors who sat in the back row made the remark in the jury room and during the consideration of their verdict: "Give them Mexicans twenty dollars and let them go back to the beet fields". Further on in his testimony he testified that the remarks of this juror were: "They are Mexicans, they don't need any money. Give them twenty dollars and send them back to the beet fields." He also testified that a juror who sat next to him during the trial made the remark in the jury room: "Give them Mexicans twenty dollars and let them go back to the beet fields." The appellant Romo testified that he and his family worked in the beet fields. The trial court did not file findings of fact and conclusions of law in support of his order in overruling the motion, and none

were requested. The trial court, in hearing evidence on the issue of misconduct of the jury, is the judge of the credibility of the witnesses and the weight to be given to the testimony, as was held by the Commission of Appeals and adopted by the Supreme Court in the case of Monkey Grip Rubber Co. v. Walton, 122 Tex. 185, 53 S.W.2d 770, 773, in which the court said: "When a trial court hears the testimony of jurors on an issue of misconduct, alleged to have occurred during the jury's deliberation upon its verdict, he is accorded the same latitude in passing upon the credibility of the witnesses and of the weight to be given to their testimony as the jury had upon the trial of the original cause. If there be any inconsistencies or contradictions in the testimony of a witness upon the hearing of a motion for new trial, it rests within the sound discretion of the trial court to harmonize and reconcile such conflicts so far as possible. A juror's testimony upon such hearing may be so contradictory and inconsistent that the trial court in exercising its privilege to pass upon the credibility of the witness may be justified in disregarding his entire testimony." The testimony of the juror was inconsistent in this respect: He first testified that the remark made by a certain juror was: "Give them Mexicans twenty dollars and let them go back to the beet fields." Later on he testified that the remark made by the same juror was: "They are Mexicans, they don't need any money. Give them twenty dollars and send them back to the beet fields." Which one of the remarks did the juror make, the first or the latter? It was up to the trial judge to decide. If the court found that the juror said "Give them Mexicans twenty dollors and let them go back to the beet fields", it would not evince a marked prejudice against appellants because they were Mexicans and would not constitute reversible misconduct, especially in view of the amount of $2500.00 fixed as a proximate result of the collision. This amount is nowhere questioned as being inadequate. The court also had the right to consider the failure of the juror's affidavit to contain or refer to the allegations of misconduct on the part of the jury in its

opposition to finding against said bus driver, and failure to have incorporated in said affidavit and also in said motion many matters in reference to misconduct of the jury testified to by said witness in perfecting appellants' bill of exception.

The judgment of the trial court is in all things affirmed.