W. G. MOONEYHAN et ux., Appellants,

v.

William Donald BENEDICT, Appellee.

No. 10348.

Court of Civil Appeals of Texas.

Austin.

Nov. 2, 1955.

Rehearing Denied Nov. 30, 1955.

**HUGHES, Justice.**

This appeal is by Mr. and Mrs. W. G. Mooneyhan who sued appellee William Donald Benedict for damages for personal injuries sustained by Mrs. Mooneyhan in a collision between an automobile then being operated by appellee and an automobile then being operated by one Wilfred Wills. Mrs. Mooneyhan was a passenger in the Wills' car.

The collision occurred July 15, 1953, on Broadway Street, a State Highway, at 78th Street, within the corporate limits of the City of Galveston, and at night.

Trial was to a jury which returned a verdict upon which judgment was rendered for appellee.

Appellants' first two points are to the effect that the trial court erred in refusing to admit in evidence a certified copy of the record of the City of Galveston Corporation Court showing that appellee had therein on the occasion in question been charged with the offense of speeding, plead guilty thereto and had paid a fine therefor and in refusing to permit appellants to question appellee in regard thereto.

Appellants are correct in their contention that proof of a plea of guilty and conviction based thereon is admissible under circumstances, as here, where the same act is involved in both criminal and civil proceedings. 17 Tex.Jur. p. 575; Fisher v. Leach, Tex.Civ.App., San Antonio, 221 S.W.2d 384, writ ref., n. r. e.

The trouble here, however, is that there was no legal plea of guilty. The evidence, heard in the absence of the jury, is undisputed that appellee mailed a check for his fine in the amount shown on his notice to the Corporation Court and that he never appeared in such court either in person or by attorney as required by Article 518, Vernon's Ann.Code of Criminal Procedure.

There being no valid plea of guilty the court did not err in excluding the proffered record nor in refusing to permit evidence regarding this prosecution to be heard by the jury. See Sherwood v. Murray, Tex.

Jim S. Phelps, Blakeley & Williams, Houston, for appellants.

Talbert & Giessel, Houston, for appellee.

Civ.App., El Paso, 233 S.W.2d 879, no further action.

Appellants cite Pridemore v. San Angelo Standard, Tex.Civ.App., Eastland, 164 S.W. 2d 859, writ ref., w. o. m., as authorizing admission of the Corporation Court record. There the court held that evidence regarding the payment of fines in the Sheriff's office was admissible even though it appeared that at the time the fines were paid the judgments assessing the fines had not been entered, the court stating that such judgments were not void. The question presented here regarding the plea of guilty was not before the court in that case. We do not pass upon the validity of the judgment of the Corporation Court. We merely hold it inadmissible because not based upon a proper plea of guilty.

Points three and four are that the court erred in not taking judicial notice that the legal speed limit at the place of the collision was 45 miles per hour and in refusing to permit Deputy Sheriff Nunn to testify to such fact or to testify to facts from which such speed limit could be deduced.

As above observed the collision occurred inside the city limits of Galveston and on a State Highway.

■ No ordinances of the City of Galveston are in evidence and we cannot determine whether such city has availed itself of the right to alter prima facie speed limits provided for by general law, art. 827a, Sec. 8, Subsec. 3(b), Vernon's Ann.P.C., since courts are not required to take judicial notice of municipal ordinances. State ex rel. Osborn v. City of McAllen, 127 Tex. 63, 91 S.W.2d 688.

■ We are thus relegated to the general law, of which all courts take judicial knowledge, to determine the speed limits in Galveston. This limit is 55 miles per hour at night except in business or residential districts. Sec. 8, Subsec. 1(b) (1) (2), Subsec. 2(b), art. 827a, supra.

There is no evidence in this record that the highway where the collision occurred was in either a business or residential district. From photographs of the vicinity which are in the record the territory adjacent to the highway appears to be open country.

■ We further hold that all testimony of Officer Nunn tending to show that the speed limit at the place of the collision was other than the court judicially knew it to be was properly rejected.

■ It follows that the testimony of appellee that the speed of his car at the time of the collision might have been over 45 but not over 55 miles per hour did not convict him of negligence as a matter of law.

Appellants' last point is that the verdict of the jury is in some respects without any support in the evidence and in all respects the overwhelming weight and preponderance of the evidence. We will note only the specific complaints made under this very general point.

We agree with appellants that there is no evidence to support the jury finding that appellee did not fail to apply his brakes immediately before the collision. The contrary is conclusively established.

The same may be said of jury findings that Mrs. Mooneyhan was not injured in the collision and no expenses were incurred as a result of her injuries.

■■ Appellants also complain that the jury having found that appellee was under the influence of intoxicating liquor at the time of the collision that their further finding that this was not negligence is unsupported. We agree that this was negligence per se because in violation of art. 802, V.A. P.C. There was no finding on the issue of proximate cause as to this negligence and appellants do not complain of this failure. Negligence alone is not actionable. See Benoit v. Wilson, 150 Tex. 273, 239 S.W.2d 792.

The complete and effective answer to these varied complaints is that the jury found that the driver of the car in which Mrs. Mooneyhan was a passenger was also at the

time under the influence of intoxicating liquors. The jury found that Mrs. Mooneyhan did not know and should not reasonably have known that the driver was intoxicated. This is the only answer which the jury could have honestly made to this issue because the undisputed evidence is that Mrs. Mooneyhan, at all pertinent times, was too drunk to know anything.

No issue was submitted or requested as to whether the intoxication of Wills was negligence and if so if such negligence was a proximate cause of the collision.

Such act, as we have pointed out, was negligence as a matter of law. We also believe that such act was a proximate cause of the collision as a matter of law.

Broadway is a six lane highway having a so-called esplanade (about 6' wide at 78th Street) down the center. At street intersections there are breaks in the esplanade permitting cars to cross Broadway or to reverse their direction on Broadway. The Wills' car, intending to reverse direction pulled into the space protected by the esplanade and stopped. Wills looked down the highway and saw appellee's car approaching some 150 to 200 yards away, notwithstanding which he pulled out in front of the approaching car and was hit. His only explanation was "I thought I had plenty of room and plenty of time."

This negligent act is, we believe, attributable to Wills' intoxication as a matter of law.

■ A passenger knowingly entering or remaining in a car under the control of an intoxicated driver cannot recover for injuries sustained as a proximate cause of such intoxication "under the doctrine expressed in the maxim 'volenti non fit injuria,' which means 'that to which a person assents is not esteemed in law an injury' ". Schiller v. Rice, 151 Tex. 116, 246 S.W.2d 607, 609.

■ Mrs. Mooneyhan did not know of Wills' intoxication. The only excuse for not knowing is her own drunkenness. This is

not an acceptable excuse. Scott v. Gardner, 137 Tex. 628, 156 S.W.2d 513, 141 A.L.R. 50.

The judgment of the trial court is affirmed.

Affirmed.

## On Motion for Rehearing.

In deference to appellants' request we elaborate our statement that "all testimony" of Officer Nunn showing the speed limit to be less than authorized by statute was properly excluded to specify that evidence of traffic signs along the highway reading "Speed limit 45 miles per hour" was inadmissible to vary the speed limits fixed by general law.

Appellants vigorously contend that the evidence that appellee was charged with speeding and sent a check to the City in payment of the speeding fine should have been admitted as an admission against interest and this without regard to the validity of the court proceedings. We recognize the force of this contention but do not consider a decision of the question required since such admission, if such it be, was cumulative of appellee's testimony upon the trial. He was charged in Corporation Court with driving 52 miles per hour and paid a fine on that basis. He testified that he was driving between 45 and 55 miles per hour. These speeds were not over the lawful maximum and it is our opinion that appellants were not prejudiced by the exclusion of the court proceedings or testimony pertaining thereto.

Appellants complain of our holding that Mrs. Mooneyhan could not, under the circumstances recover, saying that we held that "she assented to any injury she might suffer as a proximate result of the negligence of appellee, who was not her host but the driver of another vehicle" and they request that we "explain on what theory of law or logic this Court holds that Mrs. Mooneyhan, by entering the automobile of one drunken driver with imputed knowledge of his drunken condition, assented to being

injured by the proximately contributing negligence of the drunken driver of an entirely different automobile."

We do not believe our opinion to be subject to the criticism appellants make. We did not hold that Mrs. Mooneyhan was responsible for any one's conduct but her own. She was dead drunk and the driver of the car in which she was riding was intoxicated and his intoxication contributed to the collision. The reasons for holding she cannot recover under these circumstances are fully stated in the cases cited in our original opinion.

Appellants complain of our holding, on the one hand, that their "failure to complain of the failure of the jury to answer the special issue inquiring whether the drunken condition of appellee was a proximate cause of the collision bars appellants' recovery in this Court, while on the other hand holding as a matter of law that the drunken condition of appellant's host driver was a proximate cause of the collision in question as a matter of law when no issues were even submitted on such questions. If, as this Court holds, the drunken driving of appellant's host was a proximate cause of the collision as a matter of law, then clearly the drunken driving of appellee was also a proximate cause of the collision as a matter of law."

We did not hold that appellants could not recover because the jury failed to find that appellee's intoxication was a proximate cause of the collision. Our decision would be the same if we assumed or held as appellants suggest we should. It goes without repeating, however, that the evidence as to intoxication being a proximate cause of the collision is entirely different as to each driver.

Our duty is to affirm the trial court's judgment if we can do so under any theory consistent with the law and the facts. Also, we do not decide questions unnecessary to a disposition of a case. These are fundamental matters.

The motion is overruled.

Motion overruled.