PLAINS TRANSPORT, INC., Appellant,

v.

John Clarence ISAACS et ux., Appellees.

No. 7187.

Court of Civil Appeals of Texas.

Amarillo.

Oct. 29, 1962.

Rehearing Denied Nov. 26, 1962.

Crenshaw, Dupree & Milam, Lubbock,. for appellant.

Key, Carr, Carr & Clark, Lubbock, for appellees.

NORTHCUTT, Justice.

John Clarence Isaacs and wife, Gertrude Pearl Isaacs, sued Plains Transport, Inc. for injuries sustained by them. The parties will be referred to as plaintiffs and defendant as in the trial court. Upon findings made by the jury, judgment was rendered in plaintiffs favor and from that judgment, the defendant perfected this appeal.

Plaintiffs alleged and the jury found that defendant's employee was negligent in failing to keep a proper lookout and that such failure was a proximate cause of the collision in question; that said employee was following plaintiffs' automobile more closely than was reasonable and prudent having the regard for the speed for such vehicle,. the traffic, and the conditions of the highway; that this was negligence and a proximate cause of the collision in question. The jury further found that said employee failed to apply his brakes in time to avoid the collision in question but that such failure was not negligence. The jury further found that said employee was not driving at an excessive speed under the circumstances and conditions then and there existing. The jury found that Mrs. Gertrude Pearl Isaacs immediately, before the collision in question, suddenly stopped the automobile being driven by her but that the same was not negligence. The jury also found Mrs. Isaacs failed to keep a proper lookout but that such failure was not a proximate cause of the collision.

The accident occurred on U. S. Highway 87, which is a divided highway with two lanes of travel for south-bound traffic. Prior to the accident, the plaintiffs and defendant were traveling the same direction (south), defendant behind the plaintiffs. The accident occurred at a point where a

dirt road intersected the highway on which plaintiffs and defendant were traveling. The intersection was under construction. There was a dump truck obstructing the west lane for south-bound traffic. There were two lanes for south-bound traffic and both plaintiffs and defendant were in the inside lane for south-bound traffic at the time the accident occurred. Cars ahead of plaintiffs' car had passed on through the intersection without being stopped or stopping. There was a dump truck in the west or outside lane for south-bound traffic, which was or had been moving slowly and there was a man standing somewhere near the truck.

The plaintiffs testified that when they were within twenty or thirty feet of the intersection, the flag boy flagged them and Mrs. Isaacs stopped immediately. Mr. Isaacs testified the car ahead of them had been flagged by and that the truck got past the center of the south-bound lane of traffic. Mr. Price, defendant's driver, testified he never saw a flagman but there was a man standing by the truck guiding it where to unload gravel. Both parties testified as to the manner of Mrs. Isaacs stopping.

It is contended by defendant's first point of error that the trial court erred in overruling defendant's objections and exceptions to the court's charge because of the failure of the court to include the element of new and independent cause in the definition "a proximate cause" and of the further failure of the trial court to define new and independent cause as requested by defendant. The defendant presented its requested instruction and definition to the court but the same was denied.

When the evidence raises an issue of new and independent cause, it is error for the trial court to refuse to include the element in its definition of proximate cause in the court's charge and to give a definition of new and independent cause, and both parties agree that is correct. It is stated in Southland Greyhound Lines, Inc. v. Cotten,

126 Tex. 596, 91 S.W.2d 326 (Sup.Ct.) as follows:

"It is reversible error, in a cause in which the testimony tends to prove the injury resulted from a new independent cause, not to submit a definition of 'proximate cause' embodying that term, or a similar term, together with a definition of same. Phoenix Refining Co. v. Tips (Tex.Com.App.) [125 Tex. 69], 81 S.W.(2d) 60; Orange & N. W. R. Co. v. Luther Harris et al. (Tex.Sup.) [127 Tex. 13], 89 S.W. (2d) 973 not reported [in State report]; Dixie Motor Coach Corporation v. Galvan et ux. (Tex.Com.App.) 86 S.W. (2d) 633; Greer v. Thaman et al. (Tex. Com.App.) 55 S.W.(2d) 519; Blanch v. Villiva et al. (Tex.Civ.App.) 22 S. W.(2d) 490; Thomas v. Goulette (Tex. Civ.App.) 12 S.W.(2d) 829; Robertson & Mueller v. Holden (Tex.Com. App.) 1 S.W.(2d) 570."

See also Texas Motor Coaches v. Palmer et ux., 132 Tex. 77, 121 S.W.2d 323 (Sup. Ct.); Southern Ice & Utilities Co. v. Richardson et al., 128 Tex. 82, 95 S.W.2d 956 (Sup.Ct.).

Considering the evidence that other cars had passed where the work was being done and had not been stopped; that no signal had been given for the parties to stop until plaintiffs were within twenty or thirty feet of the work being done; the gravel truck backing onto the inside lane immediately in front of the plaintiffs; and flagman stopping plaintiffs immediately, we are of the opinion the evidence was of such a nature as to raise the issue of new and independent cause; and the court should have included and defined the term in its charge.

Defendant assigns as its second assignment of error that the court erred in admitting into evidence the testimony of the plaintiffs to the effect that defendant's driver, Bobby Price, stated to them that the accident was his fault; and if he had been three feet further back, he could have

avoided the accident. Then by defendant's third assignment of error complains of the plaintiffs' attorney's argument to the jury (on three occasions) that Price stated it was his fault. We are of the opinion that admission of this evidence was error and if it was error, the attorney, by calling it to the jury's attention on three different occasions, did make the error more serious as the jury would probably think, since Price acknowledged it was his fault and the court admitted the testimony into evidence, there was no question but what it was true. The testimony was not a statement of fact but at most was a conclusion. Before such statement would be admissible, the facts must bring them clearly within the limitations of the hearsay rule. We do not believe this was done in this case. It is stated in the case of Le Sage v. Pryor, 137 Tex. 455, 154 S.W.2d 446 (Sup.Ct.) as follows:

"Declarations of an agent or employee are admitted against the principal or employer as an exception to the hearsay rule and to make them admissible the facts must bring them clearly within the limitations of the exception. Not only must such declarations be made within the course of the employment, but they must bear close relation to the performance of an authorized duty or act in connection with which they are made. They must not be purely voluntary or made merely in casual conversation. Hinson v. Ely Walker & Co., 65 Tex. 103; Southern Surety Co. v. Nalle & Co., Tex.Com.App., 242 S.W. 197; McCormick & Ray's Texas Law of Evidence, pp. 658–662, Sec. 508."

Texas General Indemnity Co. v. Scott, 152 Tex. 1, 253 S.W.2d 651 (Sup.Ct.). We think the case of Red Arrow Freight Lines, Inc. v. Gravis, Tex.Civ.App., 84 S.W.2d 540 is directly in point here. Romo et ux. v. San Antonio Transit Co. et al., Tex.Civ. App., 236 S.W.2d 205 (NRE). See also Deaton & Son, Incorporated v. Miller Well Servicing Co., Tex.Civ.App., 231 S.W.2d 944 for full discussion on this matter. Defendant's points of error two and three are sustained.

Defendant assigns as its fourth and fifth assignments of error that the court erred in permitting plaintiffs' attorney to question Bobby Price regarding a traffic ticket received by him and the improper argument by the attorney concerning the ticket received by Bobby Price. Price, in answer to questions propounded by plaintiffs' attorney, testified he received a ticket for traffic violations given to him by the highway patrolman that investigated the accident and that the ticket was for driving too closely. Price testified he paid the ticket and presumed he was pleading guilty when he paid the ticket. The attorney made the following argument:

"Now it is significant to me, and I hope it is to you, that he got a ticket from the Highway Patrol. The only man that came up now that was impartial at that time, in any way, representing the State of Texas in deciding who was right and who was wrong, was the Highway Patrolman. He came up and saw it. Now he had an advantage over you and me. He was there on the scene. He saw where the cars were. He saw the tracks I imagine. I don't know what happened. But a Highway Patrolman is an investigating officer. What did he do? He gave the truck driver ticket for following too closely. Is that unreasonable then to think that the truck driver told these folks at that time. 'If I just had three more feet between me and you I wouldn't have hit you.' He got a ticket for following too closely. So he was wrong, wasn't he, in following too closely? The Highway Patrol apparently thought he was."

"Now here for example is Special Issue No. 3. If you find from a preponderance of the evidence that on the occasion in question Bobby Price was following the plaintiffs' automobile more closely than was reasonable and prudent having due regard for the speed of

the vehicle, the traffic and the condition of the highway. That is an easy one. I submit to you there is very little argument on that. Was he following more closely than was reasonable and prudent? He admitted it himself, 'If I had just three more feet, I wouldn't have hit you.' He was following too closely. The police officer said, 'You were following too close.' And when he went down he admitted, 'I was following too close,' and he paid $20.00 for following too close. That is the history of this thing. That is the facts."

It is not shown that Price or his attorney ever entered in open court and pled guilty. Price lived in Lubbock and the ticket was paid in Tahoka. There is no proof how or when the ticket was paid, whether in person or by mail, and none of the court records where the ticket was paid were introduced into evidence. It is not shown Price was working for the defendant when the ticket was paid, and any admission or declaration by Price must have been made in regard to a matter within the scope of his authority. Deaton & Son, Incorporated v. Miller Well Servicing Co., Tex.Civ.App., 231 S.W.2d 944. Under this record we do not believe this testimony was admissible and that the argument made was highly prejudicial. Article 518, Vernon's Ann.Tex.Code of Crim.Proc.; Mooneyhan et ux. v. Benedict, Tex.Civ.App., 284 S.W.2d 741 (NRE); Texas Department of Public Safety v. Williams, Tex.Civ.App., 356 S.W.2d 848.

Defendant's assignments of error six and seven deal with the argument of counsel. Plaintiffs' attorney, in his opening argument, made the following argument:

"We have spent a lot of your time in going into detail on that because we wanted you to live the life this man has lived since he was run into from the rear. That is the only way you can understand another man or another woman's troubles. It is kind of like the old Navajo Indian use to say,

'Never let me judge another until I have walked in his moccasins for ten days.' That sort of helps you, and we wanted you to live this life that this man has lived so that you might better understand what happened to him, 70 days in the hospital, wearing a collar here for his neck condition, living several days with a traction pulling his head with a several pound weight this way, going to Mayo's where they tie this around him, put cloth in his mouth so that when they lift him off the floor by his neck it will not break his dentures, and everything grows red as the blood follows into his head because of his pressure. We want you to live that with him, you see, because you can better understand what Mr. Isaacs is going through these days as a result of this accident."

Then in his closing argument made the following argument:

"Give them the same hearing that you would want to have if you stood in their place and they sat in yours, and when you have done that I can assure you because I know the Isaacs that whatever decision you make you will still be their friend. I hope you will be my friend. I hope we will see each other again, and I hope when you do that you will come up and speak to me and we can talk about this case or something. You have been wonderful jurors, and I say that no matter how your decision comes out, Mr. and Mrs. Isaacs and I and Wagner thank you all."

This seems to be an appeal to the jury to view the matter from the standpoint of the plaintiffs, which would necessarily be a partisan attitude, inconsistent with the duties of the jury, and also how they would feel when meeting the attorney. We cannot say under this record that the error complained of did not amount to a denial of the rights of the appellant. In the case of Texas Coca Cola Bottling Co. v. Lovejoy, Tex.Civ.App., 112 S.W.2d 203 (writ dis-

missed), referring to the Richardson case, it is said,

"The Supreme Court's opinion in the Richardson Case must, therefore, we think, be regarded as foreclosing the question that the argument is of a nature calculated to prejudice, regardless of objections and admonitions not to consider the same."

Southern Ice & Utilities Co. v. Richardson et al., 128 Tex. 82, 95 S.W.2d 956 (Sup.Ct.). A writ being dismissed by the Supreme Court seems to us would be approving the holding that the question had been foreclosed.

We will not discuss the remaining assignments of error as they may not arise in another trial. With the reasons herein stated, we hold the case should be reversed and remanded for a new trial. Judgment of the trial court is reversed and remanded.

DENTON, Chief Justice.

I concur in the result reached by the majority opinion, but I am unable to agree with the disposition made of several of appellants' points of error.

■■■ After carefully reviewing the record, it is my opinion the facts and circumstances of this case raised the issue of new and independent cause. In the final analysis, this question must be determined from the pleadings and evidence of each individual case. The facts pleaded by the plaintiffs below reveal the relevancy of the act of the flagman in stopping the plaintiffs' automobile to the negligence alleged to have been committed by the defendant's truck driver, which allegedly caused the collision. Plaintiffs' first amended petition alleges: "That at a point in said highway where an unimproved road running in an east and west direction crosses said highway, said repair work was in progress and a flagman signaled the plaintiff Gertrude Pearl Isaacs to stop, that in obedience to said signal the plaintiff Gertrude Pearl Isaacs did stop, and that after said automobile had come to a complete stop, it was struck with great force and violence from the rear by the above-mentioned truck-tractor owned by defendant and driven by the employee of the defendant." Not only did the plaintiffs' pleadings recognize that an agency other than the acts of the parties entered into the collision, but this allegation is supported by the evidence offered by the plaintiffs below. The fact issue as to whether some new and independent cause intervened between defendant's alleged negligent acts and the injuries sustained by plaintiffs was clearly raised. As stated in the majority opinion, when such an issue is raised, it is reversible error to submit a definition of "proximate cause" which does not include the element of a new independent cause.

■■■ I disagree with the majority opinion in sustaining the points of error dealing with the statement of the defendant's driver made after the collision. The statement attributed to the driver was testified to in rebuttal by both Mr. and Mrs. Isaacs after the driver had denied being at fault in his direct examination. Both plaintiffs testified that the statement was made to them at the scene immediately following the collision. Mr. Isaacs testified as follows: "Well, sir, he came up to me and he said, 'I don't believe it was anybody's fault'. He stood there a second or two and he said, 'Well, I know it was my fault, and if I had had three feet further back I could have missed you.'." Mrs. Isaacs' testimony corroborated this testimony. Clearly, the statement was a part of the res gestae and as such is admissible; nor is the statement subject to the objection it was a conclusion rather than a statement of fact. The truck driver's statement obviously included facts which were directly connected with the collision. Rowe v. Liles (Tex.Civ.App.), 226 S.W.2d 253, (Writ Refused); City of Austin v. Johnson (Tex.Civ.App.), 195 S.W.2d 222, (Refused), (NRE); Firestone Tire & Rubber Co. v. Rhodes, (Tex.Civ.App.), 256 S.W.

2d 448, (NWH); J. H. Robinson Truck Lines v. Raymondville Independent School Dist. (Tex.Civ.App.), 237 S.W.2d 359, (NWH). A jury argument which is based on admissible evidence is obviously proper. I would overrule appellants' points of error Numbers 2 and 3.

■■ The rule is well settled that when a prior criminal prosecution and a subsequent civil action are based on the same transaction, a plea of guilty by the accused in the criminal action is admissible against him as an admission in the subsequent civil suit. Mooneyhan et ux. v. Benedict (Tex. Civ.App.), 284 S.W.2d 741, (Refused), (NRE); Canales v. Bank of California (Tex.Civ.App.), 316 S.W.2d 314, (Refused), (NRE); Carrick v. Hedrick (Tex.Civ. App.), 351 S.W.2d 659, (NWH). However, for such a plea of guilty to be admissible in the subsequent civil suit, the plea of guilty must be validly entered. Mooneyhan et ux. v. Benedict, supra, and Johnson v. Woods (Tex.Civ.App.), 315 S.W.2d 75, (Refused), (NRE). Therefore, the question to be determined here is whether or not the plea of guilty of appellant's truck driver was validly entered. Mr. Price, the truck driver, testified on cross-examination as follows:

"Q Mr. Price, is it your thinking and are you telling this jury that you were not at fault in any way in connection with this accident?

"A I don't feel like I was at fault, sir.

"Q You feel the accident was wholly the fault of the Isaacs?

"A Yes, sir.

"Q Mr. Price, did you receive a ticket for a traffic violation?

"A Yes, sir.

"Q By the Highway Patrolman that investigated the accident?

"A Yes, sir.

"Q Was it for following too closely?

"A Yes, sir.

"Q Did you plead guilty to it?

"A I paid the ticket.

"Q You plead guilty to it?

"A I paid the ticket.

"Q Well, you knew when you paid the ticket you were pleading guilty, didn't you?

"A I presumed I was, sir."

Price's answers to the repeated question as to how he plead were obviously unresponsive. On redirect examination Price explained he was living in Lubbock at the time he paid the ticket in Tahoka; that the fine was $20.50; that the ticket was paid in Tahoka; that it would have cost him more money to defend the case than it would have cost to "pay it off"; and that he did not feel guilty when he paid the ticket. Under the authorities listed above and the evidence presented in this case, I am convinced the plea of guilty was validly entered and conclude the trial court did not err in admitting the evidence. It follows that the jury argument referring to such evidence was not improper.

■■ In my opinion, the jury argument set out in the majority opinion was not so improper as to amount to a denial of the rights of appellant. The cases cited in the majority opinion were rendered prior to the adoption of the rules of civil procedure and, therefore, are of little value. The rule is now well settled that before a judgment will be reversed because of argument of counsel, the argument must be improper and it must be such as to satisfy the reviewing court that it was reasonably calculated to cause and probably did cause rendition of an improper judgment in the case. Aultman v. Dallas Railway & Terminal Co., 152 Tex. 509, 260 S.W.2d 596. Even though portions of appellees' counsel's argument may be said to have been improper, no objections were made at the time such arguments were made. In my opinion, the arguments were not so improper as to being beyond correc-

tion by means of a timely objection and a proper instruction. In view of the above well-settled rules and the circumstances of this case, I am of the opinion the arguments complained of were not so improper as to require a reversal of the judgment.

■ The point of error concerning a statement of a prospective juror to the effect, "I have always observed it is easier to make premium payments than to collect a claim.", is, in my opinion, without merit. The statement was not in response to a question asked by appellees' attorneys. Under the circumstances, such a statement did not call for a mistrial.

■ Appellant's last two points complain of the trial court's refusal to submit requested special issues and instructions which were calculated to separate and distinguish incapacity and pain and suffering of appellees from that caused by pre-existing physical conditions and that caused by the collision in question. The trial court confined and limited appellees' recovery to those damages suffered as a result of the "accident in question". This was the correct method of submitting the damage issue. Yellow Cab and Baggage Company v. Mrs. Jewell Green, 154 Tex. 330, 277 S.W.2d 92.

Due to the error of the trial court in failing to include the element of new and independent cause in its definition of "proximate cause" as requested by appellant, I agree that the case should be reversed and remanded.

CHAPMAN, Justice.

I concur in the concurring opinion.

ON MOTION FOR REHEARING

PER CURIAM.

Appellees' motion for rehearing indicates they are under the impression that the original opinion herein is concurred in by a majority of this court. The record does not so reflect. The court is unanimous in its conclusion that the trial court was in error in its failure to include in its definition of "proximate cause" the term, "new and independent cause." The majority agreed with the trial court's disposition of the other questions discussed in the concurring opinion, as shown by the statement in the opinion of one of our justices that: "I concur in the concurring opinion." A discussion of the questions in the concurring opinion was for the purpose of furnishing a guide to the view of the majority on the questions discussed in the event of another trial.