Clayton D. PALMER, Appellant,

v.

RADCLIFF FINANCE CORPORATION, Appellee.

No. 13635.

Court of Civil Appeals of Texas.

Houston.

March 16, 1961.

Rehearing Denied April 13, 1961.

Aubrey H. Poole, Houston, for appellant.

Harold Crawford, Houston, for appellee.

BELL, Chief Justice.

Appellant sued appellee for damages for conversion of a truck and some carpenter tools that were in the truck. At the conclusion of the testimony the Trial Court instructed the jury to return a verdict for the appellee as there was a failure to prove appellee or anyone acting for it had performed the acts relied upon as constituting conversion.

Appellant alleged that he borrowed $272 from appellee on March 29, 1957, and gave a mortgage on his truck to secure the payments which were to be in eight monthly amounts of $34. He alleges that on February 20, 1958, he had repaid what he had borrowed but that on said date one J. C. Russell who was employed by appellee for the purpose wrongfully took possession of the truck and his carpenter tools that were in the truck.

The appellee in its answer denied J. C. Russell was its agent or that it was on February 20, 1958 the owner or holder of the note and chattel mortgage. It alleged that on March 29, 1957 it purchased from Southern Auto Detective Bureau the note of appellant in the amount of $612 payable in 18 monthly installments of $34 and that the note was secured by a chattel mortgage on the truck. Purchase was for $383.30 and the assignment by Southern Auto Detective Bureau was with recourse. Appellee then alleges that appellant being in default on the note after he had paid only $270, on February 19, 1958 it discounted the note $167 and reassigned the note and chattel mortgage for $175 to the Southern Auto Detective Bureau on such date. It pled that the amount of $272 which appeared in the certificate of title as being the amount of the lien in favor of appellee was a mistake.

Appellant made no reply by pleading to the answer of appellee.

The evidence shows that appellant's truck had been repossessed by J. C. Russell acting for the Port City Finance Company in March, 1957. Appellant went to the office of Southern Auto Detective Bureau, owned partly by Russell, to see about paying the amount he was delinquent with Port City Finance Company. On learning from Russell that the full amount must be paid and appellant being unable to pay the amount, Russell told him he could get the loan refinanced. Russell took him to the office of appellee after he had tried to get it refinanced elsewhere, and there he talked to Mr. Radcliff who said he would make the loan. Appellant said he thought the loan was for $272. He identified his signature on the note and chattel mortgage, but said they were not filled in when he signed them. He admitted he did not know how much he owed the Port City Finance Company but says he borrowed $200. Evidence from Russell shows he owed Port City Finance Company $275. This was the amount of the check by Radcliff Finance Corporation to that concern in payment of what appellant owed. Then there was a check for $108.30 to Southern Auto Detective Bureau which Russell testified represented his charges for repossessing the truck. The evidence shows appellant paid Radcliff Finance Corporation $270. He thought he had paid $272 but he could have been $2 short on one monthly payment. Radcliff's record showed this to be true. The note and chattel mortgage were made in favor of Southern Auto Detective Bureau and the note was payable to it at Radcliff Finance Corporation. The note and chattel mortgage were immediately assigned by Southern Auto Detective Bureau to appellee. On February 19, 1958 appellant being in default the note and chattel mortgage were reassigned by writing to Southern Auto Detective Bureau for $175. Thereafter, Russell repossessed the truck in which were appellant's carpenter tools. Thereafter, appellant sought the return of his tools and refusal to return them was made. The certificate of title was transferred to Southern Auto Detective Bureau by Radcliff on February 19, 1958, accord-

ing to the testimony of both Mr. Radcliff and Russell, though the transfer is dated in May, 1958.

For evidence to establish liability on the part of Radcliff Finance Corporation, appellant relies on the above evidence plus the fact that one of the men repossessing the truck told him he was from "Radcliff"; that when he went to Radcliff Finance Corporation to find out where his tools and truck were, someone there told him they were at 1800 Washington Street; that this is where he found them; that there was a sign on the car lot reading "Radcliff Finance Company"; that Russell had on many previous occasions repossessed automobiles for Radcliff; that the certificate of title transferring the title to Southern Auto Detective Bureau was dated May 2, 1958.

It should be noted that Mr. Radcliff and Russell testified appellee had nothing to do with the car lot. Radcliff said he once operated a used car lot there but sold the lot to Southern Auto Detective Bureau. Russell testified he never owned the lot but it belonged to a man named Serento. They both denied there was a Radcliff Finance sign there.

■ We have reached the conclusion that the Trial Court correctly concluded that there was no evidence of probative value that Russell was the agent of appellee.

■ The declaration of someone, even if it was Russell, when the truck was repossessed, that he was from "Radcliff" is purely hearsay and incompetent to prove agency. 2 Tex.Jur.2d, Agency, § 267, p. 728; Deaton & Son v. Miller Well Servicing Co., Tex.Civ.App., 231 S.W.2d 944, no writ history. Even though it may have been admitted without objection, it is incompetent to support a finding of agency. The sign, if it was there, adds nothing. The sign was, according to appellant, that of Radcliff Finance Company—not Radcliff Finance Corporation. The evidence

without dispute, coming from Russell and Radcliff and as shown by the documentary evidence, shows an assignment of the note and chattel mortgage by sale to Southern Auto Detective Bureau on February 19. While Russell and Radcliff both testified the certificate of title was transferred February 19, it is actually dated in May. This is explained by the parties as due to the practice not to date the certificate until there is a sale of the automobile.

Considering all of the testimony most favorably to appellant, we find no evidence of probative force connecting appellee with the alleged wrongful acts.

We have considered appellant's other points and find them to be without merit.

The judgment of the Trial Court is affirmed.